[Crim. No. 1729.   In Bank.—June 24, 1912.]

## Ex Parte MIKE SLATTERY on Habeas Corpus.

CRIMINAL LAW—PROBATION—WITHHOLDING COMMITMENT — SUSPENSION OF SENTENCE—EXPIRATION OF MAXIMUM TERM OF SENTENCE.— Under section 1203 of the Penal Code, as amended in 1911,—the so-called Probation Act,—the withholding of the commitment upon a judgment of conviction is the equivalent of suspending the execution of the sentence, and such judgment cannot subsequently be enforced against a defendant who has been allowed his liberty after the maximum possible term of his sentence has expired.

ID.—JUDGMENT CANNOT BE ENFORCED AFTER EXPIRATION OF MAXIMUM TERM OF SENTENCE.—By the provisions of the probation law, when a defendant has fulfilled the conditions of his probation for the entire period thereof, which cannot exceed the maximum possible term of his sentence, the power of the court to enforce its original judgment is at an end.

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City of Oakland.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Petitioner.

A. A. Rogers, Deputy District Attorney, for Respondent.

HENSHAW, J.—The undisputed facts shown by the petitioner are that on the twenty-fourth day of April, 1911, he was adjudged guilty and sentenced by the police court of the city of Oakland to six months in the city prison of the city of Oakland; that the execution of his sentence was stayed by order of the court withholding the issuance of the commitment. Petitioner was allowed his liberty. He enjoyed his liberty until the thirteenth day of December, 1911, when he was again arrested and charged with drunkenness and a commitment was issued upon the judgment pronounced upon April 24, 1911, by virtue of which commitment petitioner has been and is restrained of his liberty in the city prison of the city of Oakland. Upon these facts he contends that his imprisonment is in violation of section 1203 of the Penal Code of the state of California as amended in 1911.

It is conceded that section 1203 of the Penal Code in its present form as amended in 1911 was in full force at the time judgment was pronounced against petitioner and the commitment upon such judgment withheld. The withholding of the commitment is the equivalent of suspending the execution of the sentence. We need not be at pains here to discuss the question of the inherent power of a court in a criminal case so to withhold the pronouncement of judgment or to suspend judgment when pronounced. This has been satisfactorily done in *In re Collins*, 8 Cal. App. 367, [97 Pac. 188]. By section 1203 of the Penal Code, the Probation Act, the legislature has prescribed the form and method by which these powers may be exercised. It will be held that courts in exercising their powers so to withhold sentence or to suspend execution of sentence do so in conformity with these legislative provisions and it will not be held that by reason of any informality or irregularity of the order so doing a defendant should be made to suffer. He has no control over the form of the order which the court issues and if during the probationary period he has himself lived up to the requirements of the law it would be manifestly unjust that he

CLXIII Cal.—12

should be made to suffer because of the court's error in any given particular. In the case at bar it appears that the order of the court suspending the execution of the sentence was made while the probation law in its present form was in force. So treating the court's order as one permitted by and within the purview of section 1203 petitioner shows that his rearrest, and the effort to enforce this early judgment against him were made after "the maximum possible term of his sentence" had expired. But by the provisions of the probation law when a defendant has fulfilled the conditions of his probation for the entire period thereof which cannot exceed the maximum possible term of such sentence, the power of the court to enforce its original judgment is at an end. (Pen. Code, sec. 1203, subd. 5.)

It follows therefore that the petitioner is entitled to his discharge and it is so ordered accordingly.

Lorigan, J., Sloss, J., Angellotti, J., Melvin, J., and Shaw, J., concurred.