[Crim. No. 2179. In Bank.—July 9, 1918.]

## THE PEOPLE, Respondent, v. ALBERT MENDOSA, Appellant.

CRIMINAL LAW—LIMITING ARGUMENT OF COUNSEL.—In a criminal case, no error was committed in limiting argument for the defendant to fifteen minutes, in view of the small number of witnesses and the brevity of their testimony.

ID.—"INDETERMINATE SENTENCE" LAW—FORM OF JUDGMENT OF CONVICTION.—Under the "indeterminate sentence" law (section 1168 of the Penal Code), the judgment of the court on conviction of a defendant of a public offense properly consists of a recital of the offense of which the defendant stands convicted, a designation of the state prison to which he is committed, and nothing more.

ID.—BURGLARY IN SECOND DEGREE—SENTENCE—MINIMUM TERM.—Section 461 of the Penal Code, which prescribes the punishment for burglary, provides no minimum term for burglary in the second degree, and, therefore, a judgment fixing a minimum term on a conviction of the offense last mentioned was erroneous.

ID.—SUSPENDING SENTENCE.—The trial court had no authority to suspend a sentence for burglary and remand the defendant to the custody of the sheriff to be confined in the county jail, it being the duty of the sheriff, under section 1216 of the Penal Code, when the penalty of the law is imprisonment in a state prison, to deliver the defendant forthwith to the warden of the state prison.

ID.—PROBATION.—The only way in which the court can legally suspend the execution of the sentence in such case is by proceeding under section 1203 of the Penal Code, which provides that in the event of suspension of sentence, the court shall place the defendant on probation, and under the charge and supervision of the probation officer during such suspension.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Charlotte F. Jones, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted of burglary in the second degree and appeals from the judgment and from the order denying his motion for a new trial.

The judgment pronounced upon such conviction was as follows:

"The said Albert Mendosa having been duly convicted in this court of the crime of burglary in the second degree, it is therefore ordered that said Albert Mendosa be punished by imprisonment in the state prison at San Quentin for a period of not less than one nor more than five years; it is further ordered by the court that the sentence be suspended and the defendant remanded to the custody of the sheriff, and confined in the county jail until the further order of the court."

The opinion of the district court of appeal of the first appellate district was in part as follows:

"We are satisfied from a careful examination of the record that the evidence amply justified the verdict, that the court's instructions fully covered the case, and that there was no error committed in limiting defendant's argument to fifteen minutes in view of the small number of witnesses examined and the brevity of their testimony. There is no merit in the contention that the conviction was not good in law.

"But the judgment based on the conviction and the order of suspension of judgment are open to serious objection. The crime was committed in August, 1917, subsequent to the going into effect of section 1168 of the Penal Code, [Stats. 1917, p. 665], known as the 'indeterminate sentence' law, the constitutionality of which has been recently upheld in the case of *In re Lee* (Cal.), 171 Pac. 958. That section provides that 'the court in imposing such sentence shall not fix the term of . . . imprisonment,' but that 'the period of such confinement shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted.' Under this section the judgment of the court properly consists of a recital

of the offense of which the defendant stands convicted, a designation of the state prison to which he is committed, and nothing more. In the case at bar the court was in error in fixing a minimum term of one year, because section 461 of the Penal Code, which prescribes the punishment for burglary, provides no minimum term for burglary in the second degree. . . .

There was no authority in law for the action of the court in suspending the execution of the sentence and remanding the petitioner to the custody of the sheriff to be confined in the county jail. Where the penalty of the law is imprisonment in the state prison, it is the duty of the sheriff to forthwith deliver the defendant to the warden of the state prison. (Pen. Code, sec. 1216.) If the court desires to suspend the execution of the sentence, the only way in which it can legally do so is by proceeding under section 1203 of the Penal Code, and that section expressly provides that in the event of such suspension 'the court shall place such person on probation and under the charge and supervision of the probation officer of said court, during such suspension.' The section clearly contemplates that the defendant, while on probation and conforming to the terms thereof, shall be at large and not in confinement."

We are entirely satisfied with this portion of the opinion and adopt the same as part of the opinion of this court.

This cause was ordered transferred to this court for the reason that we were not satisfied that the judgment of the district court of appeal was a proper judgment in view of the conclusion of the court as expressed in this opinion. It is apparent from what has been said that the judgment of the superior court was erroneous. Under the circumstances there should be no new trial of this cause, but the superior court should be required to pronounce proper judgment upon the conviction legally obtained.

The order denying a new trial is affirmed. The judgment is reversed, with directions to the lower court to arraign the defendant for judgment and to thereupon proceed with the matter of the judgment in the manner required by law.