[Crim. No. 1201.  Second Appellate District, Division One.—January 19, 1925.]

In the Matter of the Application of C. V. CLARK for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—BURGLARY — DENIAL OF PROBATION — SUSPENSION OF SENTENCE.—Where the defendant charged with the crime of burglary of the second degree has duly entered his plea of guilty, and he is duly sentenced to be punished by imprisonment in a state prison for the term prescribed by law, the court has no authority to suspend execution of sentence without admitting the defendant to probation.

[2] ID.—SUSPENSION OF EXECUTION OF SENTENCE—VOID ORDER—SATISFACTION OF JUDGMENT.—In such case, an order of the trial court (made after imposition of sentence) which states that the application of the defendant for probation is denied and, although purporting to provide for a stay of execution for a period of six months, expressly directs that the defendant be "remanded to the custody of the sheriff," that during said period he be permitted to work on the public highways of the county, and that he "be returned into court at the end of the six months' period," is not an order admitting the defendant to probation, and such order suspending

---

1. Power of court to suspend sentence or stay execution of sentence, note, 8 Ann. Cas. 386; 14 Ann. Cas. 722; Ann. Cas. 1912B, 1192; 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; L. R. A. 1915C, 1169; L. R. A. 1918C, 551.

execution of judgment is void, and the judgment is not satisfied by the expiration of a term of probation.

[3] ID.—EXPIRATION OF PERIOD—SUBSEQUENT SUBMISSION TO IMPRISONMENT.—In such case, the order suspending execution of judgment being void, the trial court, after the expiration of said six months' period, may order that the defendant be taken into custody and compelled to submit to imprisonment in the state prison, as required by the term of the judgment.

---

(1) 16 **C. J.**, p. 1335, n. 71 New.   (2) 16 **C. J.**, p. 1335, n. 71 New. (3) 16 **C. J.**, p. 1335, n. 71 New, 79.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from custody after revocation of suspension of sentence. Petitioner remanded to custody.

The facts are stated in the opinion of the court.

W. W. Judd for Petitioner.

Asa Keyes, District Attorney, and A. D. Orme, Deputy District Attorney, for Respondent.

CONREY, P. J.—In his petition for the issuance of this writ the applicant alleged that he was restrained of his liberty by the sheriff of Los Angeles County, and that his detention was illegal by reason of certain facts. These facts were, that immediately after applicant had been convicted in the superior court of Los Angeles County of the crime of burglary in the second degree, and sentence had been pronounced, the court suspended the execution of the sentence for a period of six months, under certain stated circumstances, which appellant contends amounted to an admission to probation for said period of six months; that thereafter said superior court caused applicant to be arrested and held on a commitment under said judgment for the purpose of causing him to be imprisoned in the state prison, as provided by said judgment. Appellant contends that because the order of suspension of judgment was not revoked within the said period of six months, the court lost its authority to proceed further in execution of the judgment.

The return shows that on February 8, 1924, after Clark had duly entered his plea of guilty of the crime of burglary in the second degree, he was duly sentenced to be punished by imprisonment in the state prison at San Quentin for

the term prescribed by law. At the same time, as shown by a minute order of the court, the court directed a stay of execution of the judgment against the defendant and his codefendant as follows: "The application for probation is denied; and no legal cause appearing why judgment should not be pronounced, the court pronounces judgment and sentence as entered in the minutes. . . . (San Quentin.) Execution of sentence is stayed for a period of six months, and both defendants are remanded to the custody of the sheriff of Los Angeles County, during which time they shall be permitted to work on the public highways of Los Angeles County to be returned into court at the end of the six months' period."

The said judgment is the same judgment which came before this court for review in the case of *People* v. *Clark et al.*, 69 Cal. App. 520 [231 Pac. 590]. In that case the defendant had been convicted of the crime of escape while in the custody of the sheriff at the county road camp. We reversed that judgment upon the ground that the court had no authority to order imprisonment of the defendant in the county jail or road camp. That being so, it was held that the defendant was not guilty of the crime of escape when he left that place of confinement.

In *People* v. *Clark, supra*, it was assumed by counsel and by the court that the judgment was free from any legal defect other than that it attempted to impose an unauthorized imprisonment by way of substitution for the substantial part of the judgment which directed that defendant be imprisoned in the state prison. We did not there consider, and we were not asked to consider, any question challenging the authority of the court to suspend the execution of judgment in the manner there attempted—that is to say, without admitting the defendant to probation.

As we said in our former decision above noted, "undoubtedly the court had in mind, in pronouncing this judgment, subdivision *a* of section 1203 of the Penal Code providing for the suspending of sentence." According to the record which was before us at that time, the judgment itself, at the end thereof, stated that execution of sentence was suspended, "defendant to be remanded to the custody of the sheriff to work at the county road camp." Following the construction of section 1203 as found in *People* v. *Mendosa*, 178 Cal. 509, 511 [173 Pac. 998], we held that "the trial

court upon a suspension of a sentence of imprisonment is without authority to further restrain or confine the defendant."

[1] Although this court, perhaps inadvertently, in *People v. Clark, supra,* assumed that the court below had authority to suspend execution of sentence without admitting the defendant to probation, we consider that subject open for consideration now. And we are of the opinion that such authority does not exist. In the Mendosa case the supreme court said: "If the court desires to suspend the execution of the sentence, the only way in which it can legally do so is by proceeding under section 1203 of the Penal Code, and that section expressly provides that in the event of such suspension 'the court shall place such person on probation and under the charge and supervision of the probation officer of said court, during such suspension.' The section clearly contemplates that the defendant, while on probation and conforming to the terms thereof, shall be at large and not in confinement."

[2] Section 1203 of the Penal Code first confers upon the court authority, in the cases to which it applies, "to place the defendant upon probation as hereinafter provided." The subdivision relating to suspension of imposing of sentence, or of execution thereof, is a part of the process of admitting to probation as authorized by the general provisions of the section. It does not purport and should not be construed to authorize suspension of execution of the sentence except as an incident to the granting of probation, for by implication it declares the opposite intention. Therefore, in order to reach the conclusion that the suspension was within the authority of the court, it must be determined first that the order was, in effect, an order admitting to probation. But in the present case this cannot be so determined for the two sufficient reasons; first, that the order itself states that the application for probation is denied, and, second, because it attempts to retain the defendant in actual custody. We hold, therefore, that the order suspending execution of judgment in the principal case was void, and that the judgment itself has not been satisfied by the expiration of a term of probation. [3] This being so, there appears to be no reason why the defendant may not be taken into custody and compelled to submit to imprisonment in the state prison as required by the terms of the judgment.

The return herein further shows that at the time when the court made its order suspending execution of the judgment this was done virtually at the request of the defendant, who promised that if the court would make said order he would remain at the road camp as provided therein. There was no appeal taken from the judgment. In *People* v. *Walker*, 6 Cal. Unrep. 472 [61 Pac. 800] (not published in the official reports), the supreme court had before it an appeal from an order vacating a stay of execution and committing the defendant to imprisonment in execution of the judgment. The court affirmed that order, saying: "It would be strange if, under such circumstances, the court had no power to enforce the sentence. If the contention of defendant is correct, the court, after having, at defendant's request, stayed proceedings until the full expiration of his time to appeal or make a motion for a new trial, would be powerless to carry the judgment into effect. The law does not contemplate any such absurdity."

The prisoner is remanded to custody.

Houser, J., and Curtis, J., concurred.