[Crim. No. 1225. Second Appellate District, Division One.—April 21, 1925.]

## In the Matter of the Application of ALBERT HOWARD for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — SENTENCE — SUSPENSION OF EXECUTION — CONSTRUCTION — PROBATION.—A judgment which, after sentencing a defendant to imprisonment in the city jail for the term of 180 days upon a charge of misdemeanor, orders "Execution suspended for 3 days," remains in force and unsatisfied, notwithstanding that at the time of sentence the defendant is in fact allowed his liberty without any order of court to that effect other than a supposed implication from the suspension of execution, and remains at liberty throughout the maximum possible term of his sentence; for an order of suspension of execution for such a brief period as three days should not be presumed to be an attempted exercise of authority under the probation law.

(1) 16 **C. J.**, p. 1332, n. 26 New. .

PROCEEDING on Habeas Corpus to secure release from custody after sentence on misdemeanor charge. Petitioner remanded.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Petitioner.

J. M. Friedlander, City Prosecutor, J. D. Taggart and Tracy C. Becker for Respondent.

CONREY, P. J.—On petition of Albert Howard, a writ of *habeas corpus* was allowed herein. On return duly made the matter has been submitted for decision.

On the thirteenth day of May, 1924, in the police court of the city of Los Angeles, in an action wherein the petitioner was defendant, he pleaded guilty to a charge of misdemeanor. Thereupon the defendant was sentenced to imprisonment in the city jail for the term of 180 days. At the same time the court made this order: "Execution suspended for 3 days." At that time, the defendant was in fact allowed his liberty without any order of court to that effect other than a supposed implication from the suspension of

execution. On the seventeenth day of February, 1925, petitioner was arrested and imprisoned in the city jail to begin the service of said sentence. The commitment bears date May 13, 1924, which was the date of the judgment.

The sentence was not enforced or modified, nor was any revocation of the suspension of sentence ever requested or granted during the six months immediately following the date of the judgment; and six months, it will be noted, was the maximum period of sentence allowed by law for the stated offense.

Petitioner contends that his imprisonment is illegal in this, that because he was allowed to remain at liberty throughout the maximum possible term of his sentence, and during that period of time there was no revocation of the suspension of execution, no authority thereafter exists to imprison him in satisfaction of such judgment. In support of this contention petitioner contends that the facts bring this case within the reasoning of *In re Giannini*, 18 Cal. App. 166 [122 Pac. 831], *People* v. *O'Donnell*, 37 Cal. App. 192 [174 Pac. 102], and *Ex parte Slattery*, 163 Cal. 176 [124 Pac. 856].

In the Giannini case, the justice's court at the time of sentence of the prisoner to a term of ninety days in the county jail ordered that the sentence be suspended "during the good behavior of defendant Francisco Giannini, and any violation made by defendant in future, commitment will issue for his imprisonment." This order was made in June, 1911. After the expiration of the ninety days, but within six months, the justice issued the commitment under which petitioner was taken into custody. The maximum possible term of sentence was six months. Prior to the year 1911 there was no statute authorizing a court to suspend the execution of sentence, and an order of suspension of execution of sentence, if valid at all, was only authorized as an exercise of an inherent power of the court. (*In re Collins*, 8 Cal. App. 367 [97 Pac. 188].) But section 1203 of the Penal Code, as amended in the year 1911 (Stats. 1911, p. 689, effective April 6, 1911), in connection with its provisions relating to the admission of convicted persons to probation, directly authorized the court to suspend execution of a sentence of imprisonment. In the Giannini case this court said: "We think a proper construction of the statute is that

absolute power of suspending sentence is given by this section, and that where a court acts under the statute, within the limits thereof, such order of suspension is not invalidated because the court omits a duty imposed by law upon it: namely, to place the party in charge of a probation officer."

*People* v. *O'Donnell,* 37 Cal. App. 192 [174 Pac. 102], was a proceeding in *mandamus* against the superior court of Solano County and the judge thereof. It related to a criminal case in which a defendant, after plea of guilty, had been admitted to probation. It was held by the court of appeal that in relation to said criminal action the superior court had lost jurisdiction to set aside the order of suspension, for the reason that there had been no revocation or modification of the order of suspension during the prescribed period of probation.

The case of *Ex parte Slattery,* 163 Cal. 176 [124 Pac. 856], was a case arising in the year 1912. It appeared that Slattery had been sentenced by the police court of the city of Oakland to serve a term of six months in the city prison; that the execution of his sentence was stayed by order of the court withholding the issuance of the commitment; that defendant was allowed his liberty; that he remained at liberty for seven or eight months, and was then arrested and imprisoned under a commitment issued upon said judgment. The supreme court referred to the fact that section 1203 of the Penal Code, as amended in 1911, was in effect at the time when judgment was pronounced against petitioner and the commitment upon such judgment withheld; and the court held that the withholding of the commitment was the equivalent of suspending the execution of the sentence. The court then referred to *In re Collins, supra,* as containing a satisfactory discussion of the inherent power of a court in a criminal case "to withhold the pronouncement of judgment or to suspend judgment when pronounced." But the court then said: "By section 1203 of the Penal Code, the Probation Act, the legislature has prescribed the form and method by which these powers may be exercised. It will be held that courts in exercising their powers so to withhold sentence or to suspend execution of sentence do so in conformity with these legislative provisions and it will not be held that by reason of any informality or irregularity of the order so doing a defendant should be made to suffer. . . . So treating

the court's order as one permitted by and within the purview of section 1203 petitioner shows that his rearrest, and the effort to enforce this early judgment against him were made after 'the maximum possible term of his sentence' had expired. But by the provisions of the probation law when a defendant has fulfilled the conditions of his probation for the entire period thereof which cannot exceed the maximum possible term of such sentence, the power of the court to enforce its original judgment is at an end.'' The court then cited Penal Code, section 1203, subdivision 5, which is identical with subdivision (e) of the same section as now in force.

In the *Matter of the Application of Clark*, 70 Cal. App. 643 [234 Pac. 109], this court recently had under consideration the validity of an order suspending execution of sentence, where it was claimed by petitioner that the order had been made under the probation law, and that because the period of suspension of execution as provided in the order had expired, the court was without authority to proceed further in execution of the judgment. Relying upon the decision of the supreme court in *People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998], we stated it as our opinion that the court below did not have authority to suspend execution of sentence without admitting the defendant to probation. We further found, however, that under the record in the Clark case it affirmatively appeared that the court, in making its order, was not attempting to admit the defendant to probation, but was attempting to exercise, outside of the statutory authority, its assumed inherent power to make such order. But we held that the order itself, when considered in that light, was void, and that the judgment had not been satisfied by the expiration of a term of probation, or at all. This being so, there appeared to be no reason why the defendant might not be compelled to submit to imprisonment in satisfaction of the judgment. For that reason he was remanded to custody.

In *People* v. *Mendosa, supra,* it appeared that the superior court had sentenced the defendant to imprisonment in the state prison, but at the same time further ordered that the sentence be suspended and the defendant remain in the county jail until further order of the court. The supreme court held that there was no authority in law for the action

of the court in suspending the execution of the sentence and remanding the petitioner to the custody of the sheriff to be confined in the county jail; that if the court desired to suspend the execution of the sentence, the only way in which it could legally do so was by proceeding under section 1203 of the Penal Code, which contemplates that the defendant while on probation and conforming to the terms thereof shall be at large and not in confinement.

In its application to the present case, the effect of the law as thus declared is, that if the order suspending execution "for three days" was an attempted exercise of authority under the probation law, then on the facts shown by this record the petitioner is entitled to his liberty. But if the order was merely an attempted exercise by the court of an assumed power to suspend execution of the judgment, separate and apart from any intention to admit the defendant to probation, then the judgment remains in force unsatisfied, and the imprisonment of defendant is lawful.

If it were not for the decision in *Ex parte Slattery, supra,* there would be less difficulty in deciding this question. The statement of facts as contained in the decision of that case merely shows that the court below stayed execution, by an order withholding the issuance of the commitment, and that petitioner was allowed his liberty. Nevertheless, the supreme court held, in the language which we have quoted, that this was the equivalent of suspending the execution of the sentence, and interpreted the order as one made under the authority of the probation law.

[1] But we are not satisfied to draw from the decision in the Slattery case the inference that the supreme court intended to decide that in every case of unexplained suspension of sentence, and for no matter how short a time, such order must be construed as an admission to probation. The discussion by the court is very brief, and it is not clear that this phase of the matter was thoroughly considered. We think that it would be a safer rule, and one entirely in accordance with the intention of the law, to hold that an order of suspension of execution for such a brief period as three days should not be presumed to be an attempted exercise of authority under the probation law. Common sense indicates that none of the purposes of probation would be advanced by an unexplained three-day order of this kind. We think

that in such an order, thus briefly limited as to time, there should be something further on the face of the order to indicate that it was an exercise of authority under the probation law, before it can be construed as of that character. And it is not important to determine whether the order, as made by the justice, was made in the exercise of some remaining vestige of the authority which once was a part of the inherent power of a court, or whether it be regarded as a void order. Under either view, the judgment remains in force and unsatisfied, and there is no legal reason why it may not be enforced.

The prisoner is remanded to custody.

Curtis, J., concurred.

REPORTER'S NOTE: An application for a writ of *habeas corpus* in favor of the petitioner in the above-entitled proceeding was denied by the supreme court, by minute order, on May 15, 1925.

All the Justices concurred.