[Crim. No. 2570. Second Appellate District, Division Two.—July 23, 1934.]

In the Matter of the Application of CLAUDE TAYLOR for a Writ of Habeas Corpus.

George E. Stoddard for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

STEPHENS, P. J.—A petition on behalf of Claude Taylor for a writ of *habeas corpus* was allowed and we are here considering the matter after return and submission. Taylor was convicted of an offense, probation was denied and he was sentenced to the "County jail . . . for the term of ninety days, to be served from 7.00 p. m. of Monday to 6.00 p. m. of Wednesday". (Quotation from judgment.) The ninety days have not run and it is claimed that Taylor is imprisoned under a void sentence. We think not. By the provisions of section 1203 of the Penal Code suspension of sentence is limited to probation and probation in this case was specifically denied. The sentence to the county jail for ninety days is valid but the instruction to the sheriff to free the prisoner several days of each week

was an attempt to grant periods of suspension from the sentence imposed and is void. (See *In re Howard*, 72 Cal. App. 374 [237 Pac. 406], for discussion of principles involved and citation of cases.)

The writ is discharged and the prisoner is remanded.

Craig, J., and Desmond, J., concurred.