[Crim. No. 2620. Second Appellate District, Division Two.—October 18, 1934.]

In the Matter of the Application of EVAN EYRE for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

DESMOND, J.— Petitioner, having entered a plea of guilty to violating the State Narcotic Act, was sentenced on February 28, 1933, by the Superior Court of Los Angeles County to "be punished by imprisonment in the county jail of the county of Los Angeles for the term of two years, with six months off for good time earned". The return of the sheriff admits "that the said petitioner has earned his good time to be allowed upon said sentence, but I am advised by counsel and believe the amount of good time is limited by law to five days in each month, and consequently the defendant is not entitled to a deduction of six months from his said sentence but is only entitled to a deduction of four months from his said sentence, so that said sentence has not yet expired".

Section 1614 of the Penal Code provides, in the case of prisoners employed by order of the board of supervisors upon public works or ways in the county, as follows: "For each month in which the prisoner appears by the record to have given cheerful and willing obedience to the rules and regulations, and that his conduct is reported by the officer in charge of the jail to be positively good, five days shall, with the consent of the board of supervisors, be deducted from his term of sentence." Section 1614a makes similar

provision for prisoners confined in jail, the county board of parole commissioners consenting.

Our attention has not been called to any method by which a prisoner may earn more than five days per month by way of reduction of his sentence, and for this reason we hold that the contention that petitioner's term expired on August 28, 1934, or eighteen months after imposition of sentence, is not well grounded. ■ It is to be noted that petitioner's application for probation, filed at the time he entered his plea, was expressly denied; and it cannot be argued logically, therefore, that a reduction of six months upon good behavior was a condition of probation. We have recently held that where probation is denied no part of the sentence imposed may be suspended. (*In the Matter of Claude Taylor*, 140 Cal. App. 102 [34 Pac. (2d) 1036].)

■ Petitioner invokes section 19a of the Penal Code as an additional reason why he should be released at this time, namely, more than one year after he began to serve his sentence in the county jail. That section reads in part as follows: "In no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year." As has been noted, sentence in this case was imposed on February 28, 1933, several months before the enactment of the quoted section, and for that reason, as we have concluded in *In re Fisher*, this day decided (*ante*, p. 449 [36 Pac. (2d) 841]), this new statute can have no effect in the instant case.

The writ is discharged and petitioner remanded.

Stephens, P. J., concurred.