[Civ. No. 13034.   Second Dist., Div. Three.   May 6, 1942.]

GLENN  H.  ELLIS,  Appellant,  v.  DEPARTMENT  OF
MOTOR VEHICLES OF THE STATE OF CALIFOR-
NIA et al., Respondents.

754

Fred W. Chase for Appellant.

Earl Warren, Attorney General, and Frank Richards, Deputy Attorney General, for Respondents.

SHAW, J. pro tem.—By this proceeding for a writ of mandate against the Department of Motor Vehicles (hereinafter referred to as the department), the director of that department, and the chief of the drivers' license division thereof, petitioner seeks to obtain a license to drive motor vehicles, which has been denied him by the department. A demurrer to his amended petition was sustained without leave to amend, and he appeals from the resulting judgment against him. The facts hereinafter stated appear in the amended petition.

Petitioner had a driver's license which was issued March 26, 1937. On April 26, 1937, he was charged in the Municipal Court of the City of Los Angeles with two offenses and after trial was, on April 28, 1937, convicted of both. One of these offenses was a violation of section 502 of the Vehicle Code, which prohibited the driving of a vehicle by any person while

under the influence of intoxicating liquor; the other was a violation of section 481 of the Vehicle Code, which required the driver of a vehicle involved in an accident resulting only in damage to property to perform certain acts. Acting under section 744 of the Vehicle Code, the clerk of the municipal court on May 26, 1937, certified to the department an abstract of the record of petitioner's conviction of violating section 502 of the Vehicle Code and on June 2, 1937, the department notified petitioner that his license was suspended and his driving privilege was revoked until he should file proof of his ability to respond in damages.

Section 414 of the Vehicle Code provided what such proof should consist of and required insurance policies, a bond, or a cash deposit, to cover damages to persons or property resulting from the operation of motor vehicles. owned by the person required to make such proof. Petitioner has never filed such proof. Section 304, subdivision (c) of the Vehicle Code, as it stood at the various dates above stated, provided that the department, upon receipt of an abstract of the record of a conviction of violating section 502, should suspend all licenses of the convicted person "until the person gives proof of ability to respond in damages as provided in this code." Section 308 of the Vehicle Code, at the times above mentioned, provided and still provides that the department "may" suspend a license upon conviction of the licensee of violating section 481, and in case of such suspension the department "is authorized to require" proof of ability to respond in damages "before reinstating said license." But at the time of the suspension of petitioner's license, his conviction under section 481 had not been certified to the department, so that, the reason for the suspension of his license not being alleged, we must infer that it was made by reason of the conviction under section 502 rather than that under section 481.

In 1937 section 304 of the Vehicle Code was amended by eliminating therefrom subdivision (c) above mentioned. Section 307 of this code was also then amended by adding to it several provisions, one of which was subdivision (6), reading as follows: "Any person whose privilege of operating a motor vehicle upon the highway has heretofore been suspended pending the giving of proof of ability to respond in damages under the provisions of sections 304(c) or 308 of this code or section 73½ of the California Vehicle Act, may request, and the department, upon a showing by its records that such

person has been convicted of one violation only of an offense which would be ground for such suspension, shall withdraw the requirement that proof be filed and shall issue a probationary license to such person subject to the provisions of this section." (Stats. 1937, ch. 4, p. 338.) This provision is still a part of this section.

Acting, as we must infer, although it is not so alleged, under this provision, the department on March 9, 1938, issued to petitioner a probationary license, without the giving of proof of ability to respond in damages. On July 11, 1938, the clerk of the Los Angeles Municipal Court at last forwarded to the department an abstract of petitioner's conviction on the charge of violating section 481 of the Vehicle Code. ■ Although section 744 required this certification to be made within ten days after the conviction, the duty of the clerk to make it was a continuing one, and it was as effective when made as if it had been made on time. On September 23, 1938, a notice of suspension of driving privileges until proof of ability to respond in damages, was served upon the petitioner. While he does not allege the source of this notice, we must presume against him that it came from the department since it was authorized to send such a notice.

■ In the situation disclosed by the foregoing statement, the defendants are justified in refusing to issue to petitioner a driver's license without proof of ability to respond in damages, which he has not made. By the terms of subdivision (6) of section 307 he is entitled to a license without such proof *only* if the department's records show that he has been convicted of but one violation of an offense justifying suspension pending the giving of proof of ability to respond in damages. The foregoing recital shows, it is true, but one offense for which such suspension could be made if the conviction were *now* had, that is, the violation of section 481. But in view of the reference in subdivision (6) of section 307 to suspensions made under subdivision (c) of section 304, which is no longer in the code, but when in force required a suspension until the giving of proof of ability to respond in damages, it must be concluded that convictions on which subdivision (c) of section 304 directed such suspensions are within the terms of subdivision (6) of section 307 and are to be counted in determining whether an applicant is now entitled to receive a probationary license without making such

proof. So viewing petitioner's record it shows two convictions and he is not entitled to a license.

■ He contends, however, that the whole effect of these two convictions is wiped out by proceedings which, he claims, constituted a granting to him of probation and a subsequent dismissal of the charges under the probation law. The allegations of the petition in regard to the supposed granting of probation are: "that an application for probation was filed; that upon the hearing had thereon the Court entered its order in effect as follows: Probation denied. Sentence on the 502 V. C. charge is 30 days in the City Jail and a fine of $100.00, 20 days of said sentence suspended upon the payment of the $100.00 fine; Sentence on the 481 V. C. charge is 1 day in the City Jail, suspended . . ." If the words "probation denied" had been excluded from the order of the court here, leaving only the suspension of a part of the sentence imposed, its action would have been regarded as an informal order granting probation and given effect as such. (*In re Herron* (1933), 217 Cal. 400, 404 [19 P. (2d) 4]; *Ex Parte Slattery* (1912), 163 Cal. 176 [124 Pac. 856]; *People* v. *Wallach* (1935), 8 Cal. App. (2d) 129, 132 [47 P. (2d) 1071].) But here we have an application for probation, a hearing upon it and an express denial of probation. Upon such a record there is no room for an implication or construction of the immediately following orders suspending part of one sentence and all of the other as an informal granting of probation. (*In re Taylor* (1934), 140 Cal. App. 102 [34 P. (2d) 1036]; *In Re Eyre* (1934), 1 Cal. App. (2d) 451 [36 P. (2d) 842].) Where the court does not act under the probation law it has no power to suspend execution of any part of the sentence, and an order purporting to do so is void. (*In re Taylor, supra; In re Eyre, supra; In re Howard* (1925), 72 Cal. App. 374 [237 Pac. 406]; *In re Clark* (1925), 70 Cal. App. 643, 646 [234 Pac. 109].) Since there was no probation in these cases the attempt to dismiss them under the probation law is void, and the convictions still stand as a bar to the issuance of the license petitioner seeks.

■ If, however, we should concede that the orders just considered could be regarded as probationary orders, petitioner's path to the relief he demands would be blocked by section 309, which was added to the Vehicle Code in 1939. It reads as follows: "A termination of probation and dismissal of charges pursuant to section 1203.4 of the Penal Code shall

not affect any revocation or suspension of any license of the probationer under the provisions of this chapter. The probationer's prior conviction shall be considered a conviction for the purpose of revoking or suspending any license issued to him on the ground of two or more convictions." In applying this section we consider the further facts, alleged in the petition, that on September 1, 1938, petitioner pleaded guilty in the Glendale Police Court to a charge of violating section 502 of the Vehicle Code and his probationary license was taken up by the court and sent to the department; that petitioner was granted probation on this offense, by an order which, while informal, was sufficient for that purpose, under the authorities already cited, and later, in November, 1939, an order dismissing the charge was made under the probation law. There are thus altogether two convictions of violating section 502 which petitioner has suffered, and if section 309 is applicable to this and also the other convictions mentioned, his case comes within subdivisions (2) and (5) of section 307, which prevent the issuance of a license in case of two such convictions without proof of ability to respond in damages. There is no allegation in regard to certification of the conviction in the Glendale court to the department; so we must presume, if the fact be important, that in the regular performance of official duty such certification was properly made at the required time. (Subd. 15, § 1963, Code of Civ. Proc.)

█ Petitioner contends, however, that section 309, if applied to his case, where all the offenses, as well as the convictions, occurred before this section took effect, would be an *ex post facto* law and void, and hence it cannot be so applied. An *ex post facto* law is thus defined: "An *ex post facto* law is one which, operating retrospectively and on penal or criminal matters only, renders a previously innocent act criminal, aggravates, or increases the punishment for, a crime, alters the rules of evidence, penalizes an innocent act while assuming to regulate civil rights and remedies, deprives an accused of some protection or defense previously available, or alters his situation to his disadvantage." (16 C. J. S. 886.) But "A statute intended to protect the public is not *ex post facto* even though disqualifying a person, for past acts or omissions, from continuing his profession or business or continuing to own concealable firearms." (16 C. J. S. 900.) The doctrine last stated has been applied to uphold an ordinance denying a liquor license by reason of improper conduct occurring

before its adoption (*Foster* v. *Police Com'rs* (1894), 102 Cal. 483, 490 [37 Pac. 763, 41 Am. St. Rep. 194]); a statute forbidding one previously convicted of a felony to possess firearms (*People* v. *Camperlingo* (1924), 69 Cal. App. 466, 471 [231 Pac. 601]); and a statute forbidding the issuance of a license to transact the bail bond business to one whose conduct before the law was passed was such that he is not to be regarded as of good moral character. (*McDonough* v. *Goodcell* (1939), 13 Cal. (2d) 741, 750 [91 P. (2d) 1035, 123 A. L. R. 1205].) A statute which removed the privilege attached to a successful probation granted before the law took effect and directed that the conviction be counted for the purposes of a law imposing heavier punishment for second offenders was held not to be *ex post facto* in *People* v. *Hainline* (1933), 219 Cal. 532, 536 [28 P. (2d) 16]. The rule of the foregoing cases must be applied here. Section 309 of the Vehicle Code does not impose any punishment for past offenses. It merely directs that the applicant's past conduct, of a sort obviously germane to the question in hand, be taken into consideration in passing on his application for a driver's license and that the application be denied when his conduct has been such that a denial would reasonably be in the public interest.

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.