[Crim. No. 2858.   First Dist., Div. Two.   Jan. 2, 1953.]

THE PEOPLE, Respondent, v. WILLIAM C. CRAVENS, Appellant.

Kenneth S. Carey, under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant appeals from two orders made June 6, 1952, denying two motions made by him. One was to set aside an order of June 22, 1950, revoking the suspension of sentence, which suspended sentence had been imposed on July 11, 1947, the other to permit appellant to withdraw a plea of guilty made on June 22, 1950, as to a count of violation of section 476(a), Penal Code, (issuing check without sufficient funds) on the basis of which plea he had been sentenced and the suspension of the prior sentence has been revoked.

In 1946-1947 appellant had been found guilty of two counts of grand theft (false pretenses). In *People* v. *Cravens* (May, 1947), 79 Cal.App.2d 658 [180 P.2d 453], this court affirmed the conviction on one count but reversed the conviction on the other, because it related to the formation by appellant of a partnership with his victim and there was not sufficient evidence as to the separate amounts which he appropriated from that partnership. During said appeal appellant remained in jail. When after said decision appellant appeared in the superior court for sentence his motion for probation was denied, but because he had been in jail for 16 months the court ruled that he had been sufficiently incarcerated. On July 11, 1947, on motion of the district attorney the count involved in the reversal was dismissed and on the count affirmed appellant was sentenced to San Quentin, but sentence suspended "on the condition of his having served sixteen months and on further condition that he make complete and final restitution . . . or satisfy the complainant." The court stated that the matter was not to be handled by the Probation Department and that appellant was "finally released."

On May 26, 1950, appellant in a new information was charged with two counts of other felonies and one count of issuing checks without sufficient funds (§ 476(a), Pen. Code). Appellant was held to answer on all three counts. The district attorney also moved to revoke the probation allegedly granted on July 11, 1947. His attorney made a tentative agreement that appellant would plead guilty to the section 476(a) count, that the other two counts would be dismissed, that the suspension of the earlier sentence would be revoked but that said sentence and the one as to 476(a) would be made to run concurrently. Appellant and the judge consented to this arrangement and on June 22, 1950, appellant was sentenced accordingly. After having tried more than once unsuccessfully to obtain his release on habeas corpus or *coram*

*nobis* appellant on May 16, 1952, filed motions to set aside the revocation of the probation on the ground that it was fraudulently withheld from the court that there was no valid probation that could be revoked and to be permitted to withdraw the plea of guilty on the 476(a) count on the ground of duress (threats that his broker's license would be revoked and that the nonexisting probation would be revoked notwithstanding the fact that he had a defense to the bad check count.) Both motions were denied without any serious hearing, the deputy public defender acting for defendant having submitted the motions conceding that there was no basis for them.

Appellant contends that the revocation is void because the granting of the suspended sentence was void. The latter contention finds support in *People* v. *Rickson,* 112 Cal.App. 2d 475, 481 [246 P.2d 700] ; *Ellis* v. *Department of Motor Vehicles,* 51 Cal.App.2d 753, 757 [125 P.2d 521] ; *In re Eyre,* 1 Cal.App.2d 451, 453 [36 P.2d 842] ; *In re Taylor,* 140 Cal. App. 102 [34 P.2d 1036] ; *In re Clark,* 70 Cal.App. 643, 646 [234 P. 109]. All these cases hold that a court has no power to suspend the execution of a sentence otherwise than by granting probation and that if the court tries to do otherwise the suspension is void. In this case not only was probation expressly denied but the court also stated that the matter was not to be handled by the probation department and that appellant was finally released. However the above cases hold that the suspension only is void and that the sentence remains valid. The latter part of these decisions appellant attacks vigorously on the ground that a defendant is prejudiced by having an unknown threat of imprisonment hanging over his head. Although this may be true it does not follow that, as desired by appellant, the defendant should be considered acquitted.

Respondent points out that appellant could have brought out the same matter on appeal of the suspended judgment in 1950 and contends that then he is not allowed to move to set aside the judgment and appeal from an order denying his motion. Although this is the general rule (8 Cal.Jur. 495) it does not apply when the order is void on the face of the record. (See *People* v. *Scranton,* 50 Cal.App.2d 492, 494 [123 P.2d 132] ; *People* v. *Flohr,* 30 Cal.App.2d 576, 579 [86 P.2d 862].) In *Lesser* v. *Collins,* 1 Cal.App.2d 161, 165 [36 P.2d 411], this court held that a judgment void for want of jurisdiction, apparent on the face of the judgment roll, is always subject to collateral attack. Next respondent contends that

the order was a valid order granting probation, which can according to section 1203.1, Penal Code, be made in two manners, by suspending imposition of sentence or suspending execution of sentence. ■ The denial of probation was intended only to deny suspension of imposition of sentence but the court granted suspension of execution of sentence as probation and did not intend to deny this form of probation. (That probation is sometimes used in the meaning of suspension of imposition of sentence only in contradistinction to suspension of execution of sentence is shown by said distinction made in section 11715.6, Health and Safety Code and section 4 of the Dangerous Weapons' Control Law of 1923.) However this reasoning, although not illogical, is contrary to the above cited authorities, which hold that denial of probation is inconsistent with granting of suspension of execution of sentence as a form of probation. There seems in this case the more reason to follow said authorities because the further statements of the court seem to indicate that he actually did not intend to put the defendant on probation.

■ Finally it is argued correctly that if the suspension is void the judgment remains valid and must be served, citing also *In re Collins*, 8 Cal.App. 367, 370 [97 P. 188]. In *In re Martin*, 82 Cal.App.2d 16, 22 [185 P.2d 645], it was held that an order for probation was properly revoked when it was wholly void, and that there need not be prejudice because the Adult Authority will not refuse to consider the particular conditions of the case. We must hold, therefore, that the revocation was correct irrespective of the validity of the suspension.

Appellant contends that the allegations of coercion in his said motion were investigated only pro forma, and not seriously, by the judge and the public defender appointed by the judge to represent appellant. He relies on *People* v. *Odlum*, 91 Cal.App.2d 761 [205 P.2d 1106], in which case it was held on the authority of *People* v. *Gilbert*, 25 Cal.2d 422, 442 [154 P.2d 657], that a motion to set aside a plea and judgment in the nature of a petition for a writ of *coram nobis* lies when the plea "has been procured by fraud or duress or by any force which operates to preclude the exercise of free will and judgment by the party," and in which case a denial of the motion without hearing or decision on the merits was reversed. ■ Respondent contends correctly that not *coram nobis* but habeas corpus is the remedy for collateral attack on a judgment of conviction obtained in violation of fundamental constitutional rights, citing *People* v. *Adamson*, 34

Cal.2d 320, 327 [210 P.2d 13]; *People* v. *Sorensen,* 111 Cal. App.2d 404 [244 P.2d 734].

Finally respondent urges that the denial of the motion to set aside was correct on the merits. The exhibits of the petition, affidavits, letters and transcript of preliminary hearing do not show undue coercion or existence of a good defense, but rather indicate that defendant's attorney advised ·the plea of guilty because there was no defense and to obtain dismissal of the other two counts and the concurrent running of the sentences on the new count and the one as to which execution had been suspended. But on appeal the argument as to this point is not that the motion and its exhibits required granting of the motion, but only that there was no serious hearing (so that appellant had no opportunity to offer additional evidence) and that the reasons for the denial are not given. The contentions are of little merit. The court had studied the motion and exhibits and had thought the evidence insufficient. ■ The burden of proof by substantial and credible evidence was on appellant (*People* v. *Devora,* 105 Cal.App. 2d 457, 459 [223 P.2d 653]). Appellant was represented by a deputy public defender. This counsel did not offer any supplementary evidence. He did not believe that appellant was taken advantage of and submitted the matter. Appellant does not contend that if the aid of the public defender had been more substantial or that if he had communicated with appellant, better evidence could have been offered at the hearing. Nor does he contend that any evidence material to his cause was available to him or that such evidence was suppressed by the state.

The record fails to disclose that the plea of guilty was procured by any fraud or misrepresentations. To the contrary it appears that plea was the result of an agreement to save appellant from prosecution for other offenses.

The appeal has been argued by counsel assigned by this court for that purpose and we appreciate his efforts in a case of little merit.

The orders are affirmed.

Dooling, J., concurred.