[Crim. No. 6684. Second Dist., Div. Three. Jan. 20, 1960.]

THE PEOPLE, Respondent, v. MANUEL ROJAS BUENO, Appellant.

David C. Marcus for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

FORD, J.—This is an appeal from an order denying a motion made pursuant to the provisions of section 1203.4 of the Penal Code. The basis of such denial was that the appellant had not been placed on probation and, accordingly, was not entitled to proceed in accordance with the provisions of that section.[1]

On June 1, 1956, the appellant entered a plea of guilty to the crime of burglary. The court determined the offense to be burglary of the second degree. The minutes of the superior court state that on June 22, 1956, probation was denied and the judgment of the court was that the appellant be punished by imprisonment in the county jail of the county of Los Angeles for the term of one year. However, the record discloses that, after the court had read the report of

---

[1]Section 1203.4 of the Penal Code is as follows: ''Every defendant who has fulfilled the conditions of his probation for the entire period therof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.''

the probation officer and had heard the suggestion of the appellant's attorney that he be placed on probation, the following occurred: "THE COURT: The only thing about that, he was on probation for another offense. He has hardly been out time enough to get his breath. He is not a fit subject for probation. Probation heretofore granted is going to stay in effect, but this man has to learn that probation means something. There being no legal cause why judgment and sentence should not be pronounced, it is the judgment and sentence of the Court that probation is denied; the defendant is sentenced to one year in the County Jail. Good time, if earned; road camp or honor farm, recommended. Twelve days will be suspended. Bail exonerated. The defendant is remanded."

On November 25, 1958, the appellant filed the notice of the motion, the denial of which has resulted in this appeal. In the affidavit in support of his motion, the appellant stated that on May 16, 1957, he "completed the sentence imposed by said Court, and was released from custody." He further stated that the Immigration Department of the United States Department of Justice had initiated proceedings to deport him which proceedings were based on the conviction above mentioned and on a conviction of petit theft on March 12, 1956, that he was 48 years of age and had resided in the United States since about November 15, 1913, that he was married to a citizen of the United States and had two children who were born in this country, that "his separation from his wife and family will cause him great mental and spiritual suffering," that he was steadily employed, was earning approximately $65 per week and was the sole support of his family, that he had been law-abiding since his release from custody, and that the granting of his motion would remove the basis for his deportation. (*Cf. In re Ringnalda*, 48 F.Supp. 975.) In denying the motion on December 23, 1958, the court stated in part: "That was a definite one-year sentence." With respect to the provision for the suspension of 12 days, the court said: "That only gives me jurisdiction to come back into the picture during the time he is serving. That's all in the world it does, counsel. . . . In suspending sentence, this gives me a chance to come back in if I want to, during the time of the sentence."

The failure to enter in the minutes the provision as to a suspension of 12 days is not determinative of this matter.

The trial court, if necessary so that justice may be done, may order such minutes to be amended so that the true facts are fully reflected therein with respect to the action of the court. (*In re Mize,* 11 Cal.2d 22, 26 [77 P.2d 472]; *People* v. *Ward,* 141 Cal. 628, 630 [75 P. 306]; *People* v. *O'Brien,* 4 Cal.App. 723, 727 [89 P. 438].)

In support of the order of the trial court, the respondent relies on *People* v. *Rickson,* 112 Cal.App.2d 475 [246 P.2d 700], and *Ellis* v. *Department of Motor Vehicles,* 51 Cal. App.2d 753 [125 P.2d 521]. In the Rickson case, the defendant was convicted of the crime of forgery. The judge stated that probation was denied but upon sentencing the defendant to six months in the county jail he stated that the time of three months of that sentence was suspended. The defendant, on appeal, complained of the action of the court as being an erroneous denial of probation. The appellate court said, at page 481: "Had the trial court not considered defendant's formal application for probation and denied it, the effect of the suspended three months' sentence might have constituted a probation order (*In re Herron,* 217 Cal. 400 [19 P.2d 4]) but where there is an application for probation, a hearing had upon it, and an express denial of probation, there is no room for an implication or construction of the immediately following order suspending part of the sentence, and according to *Ellis* v. *Department of Motor Vehicles,* 51 Cal.App.2d 753, p. 757 [125 P.2d 521], it is said that in such a case, where the court does not act under the probation law, it has no power to suspend execution of any part of the sentence, and an order purporting to do so is void. See also *In re Taylor,* 140 Cal.App. 102 [34 P.2d 1036]; *In re Clark,* 70 Cal.App. 643, 646 [234 P. 109]; and *In re Eyre,* 1 Cal.App.2d 451 [36 P.2d 842], where it is similarly held that where probation is denied no part of the sentence imposed may be suspended. Defendant should not be heard to complain."

In the Ellis case, the petitioner sought to obtain a license to drive motor vehicles which had been denied him by the respondent department. He contended that the effect of two convictions had been wiped out by certain proceedings which, he claimed, constituted a grant to him of probation and a subsequent dismissal of the charges under the probation law. The court said, at page 757: "The allegations of the petition in regard to the supposed granting of probation are: 'that an application for probation was filed; that upon

the hearing had thereon the Court entered its order in effect as follows: Probation denied. Sentence on the 502 V. C. charge is 30 days in the City Jail and a fine of $100.00, 20 days of said sentence suspended upon the payment of the $100.00 fine; Sentence on the 481 V. C. charge is 1 day in the City Jail, suspended . . .' If the words 'probation denied' had been excluded from the order of the court here, leaving only the suspension of a part of the sentence imposed, its action would have been regarded as an informal order granting probation and given effect as such. (*In re Herron* (1933), 217 Cal. 400, 404 [19 P.2d 4]; *Ex parte Slattery* (1912), 163 Cal. 176 [124 P. 856]; *People* v. *Wallach* (1935), 8 Cal.App.2d 129, 132 [47 P.2d 1071].) But here we have an application for probation, a hearing upon it and an express denial of probation. Upon such a record there is no room for an implication or construction of the immediately following orders suspending part of one sentence and all of the other as an informal granting of probation. (*In re Taylor* (1934), 140 Cal.App. 102 [34 P.2d 1036]; *In re Eyre* (1934), 1 Cal.App.2d 451 [36 P.2d 842].) Where the court does not act under the probation law it has no power to suspend execution of any part of the sentence, and an order purporting to do so is void. (*In re Taylor, supra*; *In re Eyre, supra*; *In re Howard* (1925), 72 Cal.App. 374 [237 P. 406]; *In re Clark* (1925), 70 Cal.App. 643, 646 [234 P. 109].) Since there was no probation in these cases the attempt to dismiss them under the probation law is void, and the convictions still stand as a bar to the issuance of the license petitioner seeks.''

The Rickson and Ellis cases support respondent's position. However, while the Supreme Court does not purport to overrule those cases in *Oster* v. *Municipal Court,* 45 Cal.2d 134 [287 P.2d 755], the reasoning in the Oster case supports the conclusion that no ironclad formula is to be applied in determining whether probation was granted but rather that ''the precise circumstances of each case must be closely examined to determine whether in fact probation was finally granted or denied'' (p. 139). ▆ The Supreme Court said, at pages 139-140: ''A court has no power to suspend a sentence except as an incident to granting probation. (Pen. Code, §§ 1203, 1203.1; *People* v. *Sidwell* (1945), 27 Cal.2d 121, 129-130 [162 P.2d 913], and cases there cited; *People* v. *Williams* (1949), 93 Cal.App.2d 777, 779 [209 P.2d 949].)

240

■ ˙ Therefore, when a court after pronouncing the judgment and sentence of imprisonment does order all or part of the sentence to be suspended such order is considered to be an 'informal' grant of probation (*In re Torres* (1948), 86 Cal.App.2d 178, 179 [194 P.2d 593]) said to be 'the equivalent of a formal order.' (*In re Herron* (1933), 217 Cal. 400, 404 [19 P.2d 4] ; see also *People* v. *Wallach* (1935), 8 Cal.App.2d 129, 131-133 [47 P.2d 1071].) ■ This latter rule of construction, it has been held, will not be applied when such an order of suspension is made after the court has already expressly denied probation and it is clear that a grant of probation was not intended. In such cases the suspension order has been said to be ineffectual as a grant of probation. (*People* v. *Rickson* (1952), 112 Cal. App.2d 475, 481 [246 P.2d 700] ; *Ellis* v. *Department of Motor Vehicles* (1942), 51 Cal.App.2d 753, 757 [125 P.2d 521] ; *People* v. *Lopez* (1941), 43 Cal.App.2d Supp. 854, 860 [110 P.2d 140] ; see also *In re Eyre* (1934), 1 Cal.App.2d 451 [36 P.2d 842] ; *In re Taylor* (1934), 140 Cal.App. 102 [34 P.2d 1036] ; *In re Howard* (1925), 72 Cal.App. 374, 378-379 [237 P. 406] ; *In re Clark* (1925), 70 Cal.App. 643, 646 [234 P. 109].) *However, the precise circumstances of each case must be closely examined to determine whether in fact probation was finally granted or denied.*

■ ''The mere pronouncement of sentence, or the denial of an application for probation before the imposition of judgment, does not preclude the granting of probation after judgment is pronounced or has been affirmed on appeal. (*People* v. *Sidwell* (1945), *supra*, 27 Cal.2d 121, 130.) ■ Probation may be granted at any time before execution of the sentence is begun (*In re Bost* (1931), 214 Cal. 150 [4 P.2d 534].)'' (Emphasis added.)

In the Oster case, at the time set for the probation hearing and sentence pursuant to a conviction of a violation of section 502 of the Vehicle Code, the probation report was filed, the court stated that probation was denied, and the defendant was sentenced to be imprisoned in the county jail for the term of 180 days with the provision that the time of 30 days was suspended. The respondent court in that case argued that the order or statement of the court purporting to suspend 30 days of defendant's sentence, made after judgment was pronounced on May 18, 1951, and after probation had been denied before judgment was pronounced, did not constitute a grant of probation. The Supreme Court stated, however,

that since the petitioner had appealed from the judgment of May 18, 1951, which judgment had been affirmed *in toto,* "the judgment and all orders reviewed on such appeal, even though such orders may have been erroneous when made, must now be deemed final and not subject to attack by respondent in this certiorari proceeding" (p. 140). The court further said, at page 141: "It follows that when the judgment of May 18, 1951, was affirmed and became final, the order suspending 30 days of the sentence likewise became final and, even if assumed to have been erroneous when made, may not now be attacked by respondent municipal court or annulled by the superior court on certiorari. Therefore, since, as we have seen, the court is without power to suspend a sentence except as an incident to granting probation, the order made May 18, *after* the pronouncement of sentence, suspending 30 days of the sentence just previously imposed, must be construed as a grant of probation to defendant. As indicated by Judge Bishop in the Lopez case the error in such action, if any under the circumstances here, should properly be regarded as procedural, not jurisdictional."

 The present case must then be viewed in the light of the Oster case. It is clear that the provision for the 12-day suspension was intended to serve a definite purpose and was not a matter of mere inadvertence. It was plainly the intention of the court to retain jurisdiction with respect to the period of detention in jail. This is evidenced by the statement of the court at the time the motion under section 1203.4 of the Penal Code was denied. This purpose could have been accomplished only by placing the defendant on probation. (See *People* v. *Wallach,* 8 Cal.App.2d 129, 132 [47 P.2d 1071]; *In re Taylor,* 140 Cal.App. 102 [34 P.2d 1036].) Since it was thus the court's intention that the defendant should have the status of a probationer, the suspension of part of the sentence should be given the effect of a grant of probation. The omission of express conditions or terms of probation directed toward the rehabilitation of a defendant does not invalidate what is otherwise in effect a grant of probation. (*People* v. *Lippner,* 219 Cal. 395, 399 [26 P.2d 457].) The same is true of a failure to formally direct that a defendant be placed under the control and supervision of the probation officer. (*In re Herron,* 217 Cal. 400, 404 [19 P.2d 4].) In the present case, a close examination of the circumstances thereof leads to the conclusion that probation

was in fact finally granted after the pronouncement of sentence.[2]

Appellant was, therefore, entitled to have his motion heard and determined by the court in accordance with the applicable law. The duty of the trial court under such circumstances is set forth in *People* v. *Johnson,* 134 Cal.App.2d 140, at page 144 [285 P.2d 74].

The order is reversed with directions to the superior court to correct the minutes of June 22, 1956, to set forth the fact of the suspension of 12 days and then to proceed to hear and determine the motion of the appellant in accordance with the law as herein expressed.

Shinn, P. J., and Vallée, J., concurred.

---

[2]No issue is raised on this appeal as to whether, if probation was in fact granted, the period of probation had expired at the time the motion under section 1203.4 of the Penal Code was made. After the sentence to the county jail, the crime was deemed to be a misdemeanor. (Pen. Code, § 17; *People* v. *Wilson,* 59 Cal.App.2d 610 [139 P.2d 673].) Accordingly, since no period of probation was specified in the order by which probation was granted, such period was one year in this case. (*People* v. *Blakeman,* 170 Cal.App.2d 596, 599 [339 P.2d 202]; see Pen. Code, § 461.)