[Civ. No. 9207. First Appellate District, Division Two.—September 28, 1934.]

HARRY LESSER, Respondent, v. CHARLES J. COLLINS, as Registrar of Voters, etc., Appellant.

John J. O'Toole, City Attorney, and Edmond P. Bergerot, Deputy City Attorney, for Appellant.

Morgan J. Doyle for Respondent.

NOURSE, P. J.—This is an appeal from a peremptory writ of mandate issued by the superior court in the city and county of San Francisco commanding defendant to register petitioner as a qualified elector. Registration was denied on the ground that it appeared from the judgment roll of a criminal proceeding in Alameda County that the petitioner had been convicted of an infamous crime and therefore was ineligible to register because of the provisions of section 1, article II, of the Constitution. In granting the writ of mandate the trial court found that the judgment of conviction was void on its face.

In support of the judgment the learned trial judge prepared and filed a written opinion which fully covers the main issue raised on this appeal, the pertinent portions of which we adopt as the opinion of this court:

"The petitioner, Harry Lesser, is a male person over the age of twenty-one years, and is a natural born citizen of the United States of America, being born at Oakland, California, June 29th, 1881, and has never renounced his allegiance to the United States.

"On March 5th, 1930, Lesser was indicted by the Grand Jury of the County of Alameda with A. A. Horwege and James Austin for conspiracy in three counts as follows:

"Count 1. 'The Grand Jury of the County of Alameda hereby accuses Harry Lesser, A. A. Horwege and James Austin of a felony, to-wit: a violation of subdivision 1 of Section 182 of the Penal Code of the State of California, to-wit: conspiracy to commit bribery.'

"Count 2. 'and the said defendants Harry Lesser, A. A. Horwege and James Austin are further accused by the Grand Jury of the County of Alameda of a felony, to-wit: a violation of subdivision 1 of Section 182 of the Penal Code of the State of California, to-wit: conspiracy to violate Section 176 of the Penal Code of the State of California'.

"Count 3. 'and the said defendants, Harry Lesser, A. A. Horwege and James Austin, are further accused by the Grand Jury of the County of Alameda, of a felony, to-wit: bribery, a violation of Section 67 of the Penal Code of the State of California'.

"On June 19th, 1930, a jury in the Superior Court, theretofore impaneled, convicted Lesser on all three counts in the indictment. However, thereafter, on June 24th, 1930, the judge of the trial court, Hon. Fred V. Wood, Superior Judge, granted a motion in arrest of judgment as to the convictions in counts one and three of the indictment.

"Section 1187 of the Penal Code of the State of California provides as follows:

" '1187. Effect of Arresting Judgment. The effect of an order arresting the judgment is to place the defendant in the same situation in which he was before the indictment was found or information filed.' . . .

"It will be thus seen that the record discloses that Lesser was absolved, so to speak, of the crime of conspiracy to commit bribery (which is a felony) and of the crime of conspiracy to commit the giving or offering bribes to executive officers (which is a felony) and leaving only the conviction of conspiracy to violate Section 176 of the Penal Code of the State of California (which is a misdemeanor). . . .

"Section 176 of the Penal Code provides as follows:

" 'Omission of Duty by Public Officer. Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor.' . . .

"The punishment prescribed in Section 182 of the Penal Code for criminal conspiracy may be summarized as follows:

"First, where the object of the conspiracy is a felony, then the punishment is the same as is provided for that particular felony;

"Second, where the object of the conspiracy is to commit any act injurious to public health, or to public morals, or tending to pervert or obstruct justice, or the due administration of the laws, then the punishment shall be in the same manner and to the same extent as is provided for the punishment of the commission of the respective act;

"Third, where the object of the conspiracy does not come within the above-named two classifications, then the punishment shall be by imprisonment in the county jail or state penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars, or both.

"This latter classification refers to such crimes as simple assault, petit theft and like misdemeanors which are not included in the category of crimes understood to be or prescribed to be crimes which are injurious to the public health, or to public morals, or tending to pervert or obstruct justice, or the due administration of the laws.

"For example, if the conspiracy charged against Lesser and his alleged confederates was a conspiracy to commit petit theft or simple assault and a conviction followed, then he would be punishable by imprisonment in the county jail or in the state penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars, or both, and he could be prosecuted and tried therefor in the superior court pursuant to the special provisions of Section 182 of the Penal Code. In the present situation we find that Lesser was convicted of conspiracy to violate Section 176 of the Penal Code, which is not only a misdemeanor but is also classified in the Penal Code, in Chapter VII, among 'Other Offenses Against Public Justice', and is a crime coming within the category of crimes 'tending to pervert justice, or the due administration of the laws', and is punishable as a misdemeanor by an imprisonment in the county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both. (Section 19, Penal Code.) Section 176 states in part: ' . . . is punishable as a misdemeanor'.

■ "In substance, count 2 of the indictment charged Lesser, Horwege and Austin with a conspiracy to place one Frank Phillips, a street inspector at Oakland, California, on the payroll of the California Construction Company, under the fictitious name of F. Rose, and that Phillips corruptly received moneys under that name to allow Lesser and his confederates to depart from following the plans and specifications called for in such street work.

"It is alleged in this count 2 that this conspiracy was to violate Section 176 of the Penal Code and 'said omission of duty being a delinquency where no special provisions

have been made for its punishment'. As above pointed out, however, the violation of Section 176 of the Penal Code is the willful omission of a duty where a special provision has been made in the section itself making the violation thereof 'punishable as a misdemeanor'.

"It will also be noted that Section 182 which defines conspiracy, does not state that all conspiracies to commit crimes are felonies. The difference in the punishment prescribed only denotes whether the particular violation is a misdemeanor or a felony. . . .

"In my opinion the judgment of the trial judge was void for the reason that the Superior Court did not have jurisdiction to try Lesser and his alleged confederates on count two, and that the jurisdiction of that count (count two) was wholly within the jurisdiction of the Oakland Police Court.

"The fact that Lesser did not appeal and that he seemed to treat the penitentiary as a place of refuge instead of a place of incarceration for punishment, in that he did not sue out a writ of *habeas corpus* while there imprisoned, does not enter into the present controversy.

"The fact that the court had no jurisdiction to try count number two leaves the defendant in the same status as if he were not indicted or tried so far as his civil rights are concerned. He is entitled to the right to register and to vote."

The appellant urges the further point that the proceeding is a collateral attack upon the judgment of conviction. But the attack is based upon a want of jurisdiction in the superior court to enter the judgment of conviction which is apparent upon the face of the judgment roll. Where such is the case a judgment is always subject to a collateral attack. (Sec. 1916, Code Civ. Proc.; 15 Cal. Jur., p. 138 et seq.)

For these reasons the judgment is affirmed.

Sturtevant, J., concurred.