[Crim. No. 2022.   First Appellate District, Division Two.—February 6, 1939.]

THE PEOPLE, Respondent, v. J. FERDINAND VAN, Appellant.

Walter H. Duane for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant Van and others were jointly charged with conspiracy in an indictment containing two counts. Defendant Van was convicted on both counts and he appeals from the judgment of conviction and the order denying his motion for a new trial.

Said defendant, together with other defendants, devised a scheme known as "The Great American Football Pool", under which they proposed to sell some three million tickets to the public at $1 per ticket. These tickets were designated by numbers and letters and the winners of weekly and final prizes were to be determined by said numbers and letters after making certain involved computations from the football scores of forty designated college football teams. The first grand prize of $100,000 and other large prizes were listed on the tickets and on the pamphlets which were printed and distributed in explanation of the scheme. In this pamphlet it was stated, "The Pool operates automatically, all tickets having an equal chance to win." After some of these tickets had been sold to the public, this prosecution was commenced.

The first count of the indictment charged that the defendant Van and others conspired "to set up, establish, operate and conduct a lottery in violation of section 320 of the Penal Code . . . ". The second count of the indictment charged that defendant Van and others conspired "to obtain money by false pretenses and by false promises with fraudulent intent not to perform such promises" in violation of subdivision 4 of section 182 of the Penal Code. The allegations of both counts were set forth in some detail and in each count it was alleged that various overt acts were done to effect the object of the conspiracy charged in said count.

■ The main contention of appellant on this appeal is that the superior court did not have jurisdiction of the offense charged in either count of the indictment. The discussion of this contention requires a consideration of the provisions of section 182 of the Penal Code which provides in substance that if two or more persons conspire to do any of the acts specified in any of the five numbered subdivisions of said section, such persons are punishable as provided in said section. Two paragraphs of said section deal with the subject of punishment. This court heretofore had occasion to consider these two paragraphs in *Lesser* v. *Collins,* 1 Cal. App. (2d) 161, and it was said on pages 163 and 164 [36 Pac. (2d) 411]:

" 'The punishment prescribed in Section 182 of the Penal Code for criminal conspiracy may be summarized as follows:

" 'First, where the object of the conspiracy is a felony, then the punishment is the same as is provided for that particular felony;

" 'Second, where the object of the conspiracy is to commit any act injurious to public health, or to public morals, or tending to pervert or obstruct justice, or the due administration of the laws, then the punishment shall be in the same manner and to the same extent as is provided for the punishment of the commission of the respective act;

" 'Third, where the object of the conspiracy does not come within the above-named two classifications, then the punishment shall be by imprisonment in the county jail or state penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars, or both.

" 'This latter classification refers to such crimes as simple assault, petit theft and like misdemeanors which are not included in the category of crimes understood to be or prescribed to be crimes which are injurious to the public health, or to public morals, or tending to pervert or obstruct justice, or the due administration of the laws.' "

Said decision clearly indicates that the superior court has jurisdiction over those conspiracies falling within the first and third classes therein mentioned and that jurisdiction over conspiracies falling within the second class depends upon the extent of the punishment provided by law for the commission of the act which was the object of the conspiracy.

■ With respect to the first count, appellant takes the position that the alleged object of the conspiracy was to operate a lottery; that said object was one injurious to public morals, being a violation of section 320 of the Penal Code which is found in title IX of part I of the Penal Code, which title reads, "Crimes against the person and against public decency and good morals"; that the conspiracy alleged in said first count therefore falls within the second class above mentioned; that the crime of operating a lottery is a misdemeanor under the terms of said section 320; that the crime of conspiracy to operate a lottery is therefore likewise a misdemeanor under the terms of said section 182 and the superior court had no jurisdiction of the offense charged in said first count. Respondent concedes that appellant's contention with respect to said first count should be sustained and we see no escape from that conclusion under the authority of *Lesser* v. *Collins, supra.*

■ With respect to the second count, appellant takes the position that it likewise charged only the commission of a misdemeanor; that "the substantive offense would be that of petty theft" and therefore the superior court was without jurisdiction. Respondent expresses the view that appellant was "not charged with having conspired to commit the crime of theft" but "was charged with having conspired to obtain money from certain other persons by false pretenses and 'by false promises, with fraudulent intent not to perform such promises' as specifically prohibited by subdivision 4 of Penal Code, section 182". The false pretense or false promise consisted of the statement that all tickets had an equal chance to win. We find no merit in appellant's contention with respect to said second count. Appellant was charged in said count with the crime of conspiracy. The alleged object of said conspiracy was either to commit petty theft as claimed by appellant or to obtain money "by false promises with fraudulent intent not to perform said promises" as claimed by respondent. In either event, the conspiracy charged in said second count was one within the third class mentioned in *Lesser* v. *Collins, supra,* and the superior court therefore had jurisdiction. Appellant cites *People* v. *Barnard,* 63 Cal. App. 562 [219 Pac. 756], but we find nothing therein which is contrary to the views we have expressed.

■ Appellant also contends that the evidence was insufficient to support his conviction. We find no merit in this contention. It is based upon the theory that appellant was charged with the crime of theft and that it was therefore necessary for the prosecution to prove all the elements of obtaining money by false pretenses. This theory finds no support in the record. Appellant was charged with the crime of conspiracy and the evidence was ample to sustain his conviction of the offense charged. It was not necessary for the prosecution to allege or prove that the crime of theft had been actually accomplished. (*People* v. *Cory,* 26 Cal. App. 735 [148 Pac. 532].)

The judgment and order denying the motion for new trial are reversed in so far as said judgment and said order relate to the first count of the indictment. The judgment and order denying the motion for new trial are affirmed in so far as said judgment and said order relate to the second count of the indictment.

Nourse, P. J., and Sturtevant, J., concurred.