[Crim. No. 4376.   In Bank.   Aug. 21, 1942.]

THE PEOPLE, Respondent, v. H. F. VANDERPOOL et al.,
Appellants.

John B. Ehlen and Melvin V. Wood for Appellants.

Earl Warren, Attorney General, and David K. Lener,
Deputy Attorney General, for Respondent.

EDMONDS, J. — The appellants, who were convicted of
a conspiracy to violate the provisions of the Small Loan Act

(Stats. 1939, ch. 1045; Deering's Gen. Laws, 1939 Supp., Act 7700), attack the judgment upon the principal ground that the superior court had no jurisdiction to try them for that offense. They also urge that the evidence is insufficient to support the judgment. Their appeal is taken from an order denying them a new trial as well as from the judgment.

In the first count of the indictment returned by the Grand Jury, it was alleged that they conspired to charge a greater rate of interest than the Small Loan Act, *supra,* allows, and to require borrowers to purchase merchandise in connection with loans made to them. Eleven overt acts were specified in this count. By the second count, the indictment asserted that they had engaged in the business of making loans in an amount less than $300 without obtaining a permit from the Commissioner of Corporations so to do.

A demurrer to each count of the indictment upon the ground, among others, that it charged them with misdemeanors over which the superior court had no jurisdiction was overruled. After a trial, each of the appellants was found guilty and a motion for a new trial was denied. The appellant Vanderpool was thereupon sentenced to serve one year in the county jail upon each of the counts, the sentences to run concurrently; the appellants Clancy and Allen were each fined $500 upon each count of the indictment and, in default of payment, were ordered to be confined in the county jail at the rate of one day for each $10 of the fine.

Section 182 of the *Penal Code* provides in part as follows: "If two or more persons conspire: 1. To commit any crime; . . . 5. To commit any act injurious to the public health, to public morals, or to pervert or obstruct justice, or the due administration of the laws. They are punishable as follows: When they conspire to commit any felony, or to commit any act injurious to the public health, or to public morals, or tending to pervert or obstruct justice, or the due administration of the laws, they shall be punishable in the same manner and to the same extent as in this code provided for the punishment of the commission of the said felony or act, respectively.

"When they conspire to do any of the other acts described in this section they shall be punishable by imprisonment in the county jail or state penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars, or both, and cases of such conspiracy may be prosecuted and tried

in the superior court of any county in which any overt act tending to effect such conspiracy shall be done." The superior court held that the acts alleged in each count of the indictment constitute a conspiracy defined by subdivision one and punishable under the second penal paragraph of this section.

The appellants argue that the conspiracy charged against them is one defined by subdivision five of the statute, and that as the Small Loan Act, *supra,* makes a violation of its provisions a misdemeanor, the superior court had no jurisdiction to render judgment against them. They also assert that the offenses for which they were indicted are acts injurious to public morals; that such acts tend to pervert or obstruct justice and the administration of the laws, and therefore they are punishable only as misdemeanors in accordance with the first penal paragraph of section 182. The attorney general takes the position that violations of the Small Loan Act, *supra,* are neither offenses against public morals nor acts tending to obstruct justice and the due administration of the laws within the meaning of subdivision five. But assuming that they are such offenses, he says, the first penal paragraph of section 182 applies only to an act made punishable by some provision of the Penal Code. The offenses of which the appellants were convicted, according to the attorney general, are made crimes, not by any provision of the Penal Code, but by the Small Loan Act, *supra,* a general statute. Under this reasoning, a conspiracy to violate the Small Loan Act, *supra,* falls within subdivision one of section 182 of the Penal Code and is punishable under the second penal paragraph, which confers upon the superior court jurisdiction to try the offense.

The various provisions of the conspiracy statute were considered in *Doble* v. *Superior Court,* 197 Cal. 556 [241 Pac. 852], and this court held that, by virtue of the designation and inclusion of the phrase "in this code," the first penal paragraph is referable to conspiracies to commit felonies and acts injurious to public morals only when the punishment for the commission of such felonies or acts is prescribed by some provision of the Penal Code. Under all other circumstances, said the court, the second penal paragraph controls. The question, then, is whether either the act of loaning money at excessive rates of interest or conducting a loan business without a license, each of which is

made a misdemeanor by the Small Loan Act, *supra*, is an offense injurious to public morals punishable under the Penal Code. If it is such an offense, a conspiracy to commit it is a misdemeanor under the first penal paragraph of section 182, and the superior court was without jurisdiction over the subject matter of the indictment returned against the appellants. On the other hand, if the offense is not a crime against public morals, or being such, if it is not made punishable under some provision of the Penal Code, then a conspiracy to commit it is punishable under the second penal paragraph of section 182 as either a felony or a misdemeanor and is one within the jurisdiction of the superior court.

The purpose of legislation regulating the operations of persons procuring or making small loans is to protect the public from lenders who would otherwise take advantage of the needy. It is a matter of public knowledge that the activities of unconscionable lenders operating in this field have created a social problem with serious consequences. (See *In re Fuller*, 15 Cal. (2d) 425 [102 P. (2d) 321].) The statute of California is substantially the same as legislation which has been enacted in more than thirty states. It denounces, as criminal, the act of lending money at more than a prescribed rate of interest, and also, of conducting the business of making small loans without a license so to do. Considering the field of such legislation and the evils against which it is aimed, the offenses defined by it as misdemeanors may properly be said to be injurious to public morals.

Similar crimes have been so defined and classified by the Legislature of this state. The Penal Code specifies a number of offenses which are classified under Title IX of Part I, as: "Crimes Against the Person and Against Public Decency and Good Morals." Included within that title is section 338, which provides that "Every person who carries on the business of a pawnbroker, by receiving goods in pledge for loans at any rate of interest above the rate of ten per cent per annum, except by authority of a license, is guilty of a misdemeanor." In *People* v. *Van*, 30 Cal. App. (2d) 663 [87 P. (2d) 57], it was held that a conspiracy to operate a lottery constituted a misdemeanor punishable under the first penal paragraph of section 182 of the Penal Code. The court reasoned that the substantive offense of conducting a lottery is made a misdemeanor by section 320 of the Penal Code, which the Legislature classified as one of the "Crimes Against the

Person and Against Public Decency and Good Morals.'' There can be no doubt that, under the doctrine of the Van case, a conspiracy to violate section 338 of the Penal Code is a misdemeanor punishable under the first penal paragraph of section 182. A conspiracy to violate the Small Loan Act, *supra*, should be similarly classified insofar as its punishment is concerned.

But to sustain the contention of the appellants, the court must hold not only that the offenses with which they are charged are acts injurious to public morals, but also that the punishment for them is prescribed by the Penal Code.

Section 20 of the Small Loan Act, *supra*, reads: ''Any person . . . who shall violate or participate in the violation of any of the provisions of this act, or any of the rules, orders and regulations of the commissioner, shall be guilty of a misdemeanor. Any contract of loan in the making or collection of which any violation of this act shall have been committed, shall be void as to interest and charges, and neither the lender nor the broker shall have any right to collect or receive any interest or charges whatsoever.'' The statute does not specify the punishment to be imposed upon one who has been convicted of a violation of its requirements. However, section 19 of the Penal Code provides: ''Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding five hundred dollars, or both.''

The attorney general contends that the latter section has no application because section 20 of the Small Loan Act, *supra*, fixes a ''different punishment'' for its violation by prescribing a forfeiture of the right of a lender to any interest or charges payable in connection with the prohibited transaction. But if section 19 of the Penal Code is not applicable, the Small Loan Act, *supra*, has created a crime which is defined as a misdemeanor but with no penalty for its commission. Such a result is contrary to the fundamental rules of statutory construction. ▮ Furthermore, the term ''different punishment,'' as used in the Penal Code section, was clearly intended to mean punishment, such as a fine or imprisonment, imposed upon the offender by the state. A forfeiture of interest is a civil penalty redounding to the benefit of the borrower and not to the state. ▮ For these reasons, any act defined as a misdemeanor by the Small Loan

Act, *supra,* is punishable by the Penal Code within the meaning of the first penal paragraph of the conspiracy statute.

The judgment is reversed with directions to the superior court to dismiss the indictment.

Gibson, C. J., Curtis, J., Carter, J., and Traynor, J., concurred.