## Commonwealth v. Lance

*Herman B. Shepard,* assistant district attorney, for Commonwealth.

*George Loveland* and *Joseph E. Gallagher,* for defendant.

JONES, J. (specially presiding), February 18, 1955. —On December 28, 1954, defendant, William L. Lance, was arrested by the Pennsylvania State Police and charged with a violation of section 620(*d*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §231.

Section 620 provides, inter alia, as follows:

"It shall be unlawful for any person to commit any of the following acts:

"(d) To fail or refuse to surrender to the department, upon demand, any operator's license . . . which have been suspended, cancelled or revoked as provided in this Act. . . .

"Penalty.—Any person violating . . . the provisions of sub-section . . . (d) of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of fifty ($50) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days."

A hearing on this charge was held before John T. Killeen, a justice of the peace and, after hearing, defendant was adjudged guilty, fined, and in default of payment of the fine, was committed to the Luzerne County Prison for 10 days.

An appeal from the decision of the justice of the peace is now before this court.

The pertinent facts have been stipulated by the Commonwealth and defendant and are as follows:

1. On November 16, 1954, the Director of Highway Safety, acting for the Secretary of Revenue of the Commonwealth of Pennsylvania, suspended, for an indefinite term, the 1954 operator's license 158778 (plate no. 540591), of William L. Lance, R. D. No. 1, Trucksville, Luzerne County, Pa.

2. This suspension was based upon the failure of William L. Lance to maintain proof of financial responsibility under the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, as amended by section 2 of the Act of May 12, 1949, P. L. 1279, 75 PS §1277.17.

3. On December 28, 1954, a member of the State Police, acting in the course of his duties, served an official notification of the withdrawal of the motor vehicle privileges upon William L. Lance, defendant, and demanded the surrender of his license.

4. William L. Lance, upon such demand being made, refused to surrender his operator's license.

The sole question at issue is whether under these facts an offense within the meaning of section 620 (*d*) of The Vehicle Code, supra, has been committed.

It is the contention of defendant that section 620 (*d*), supra, applies only where the suspension of the operating privileges has taken place under The Vehicle Code and, since the suspension of defendant's operating privilege was not under The Vehicle Code but under the Motor Vehicle Safety Responsibility Act, defendant is not guilty of a violation of section 620 (*d*), supra.

The Motor Vehicle Safety Responsibility Act, 75 PS §1277.1 et seq. is described in its title as

"An Act relating to the financial responsibility of operators and owners of motor vehicles; and to make uniform the law with reference thereto; requiring owners and operators in certain cases to furnish proof of financial responsibility; providing for the suspension of operators' licenses and motor vehicle registration certificates in certain cases; regulating insurance policies which may be accepted as proof of financial responsibility; imposing duties upon the Secretary of Revenue, the State Treasurer, and prothonotaries; and prescribing penalties."

Under the Motor Vehicle Safety Responsibility Act in certain instances the Secretary of Revenue is empowered to require operators of motor vehicles to furnish or maintain proof of financial responsibility and, upon failure to furnish or maintain proof of such financial responsibility, the secretary is empowered to suspend the license of such operator. Section 31 of that act provides that any person whose license to operate a motor vehicle shall have been suspended under that act shall immediately return his license to the Secretary of Revenue and, upon failure of such person to return his license, the Secretary of Revenue shall forthwith direct any peace officer to secure possession of the license and return it to the secretary. Section 32(*b*) of the act provides:

"Any person wilfully failing to return a license or registration as required in section 31 shall, upon summary conviction before a magistrate, be fined one

hundred ($100) dollars and costs of prosecution, and in default of payment thereof shall undergo imprisonment for thirty (30) days."

A failure to furnish or maintain proof of financial responsibility imposes upon the operator of a motor vehicle a mandatory duty to surrender his license and a wilful breach of that duty is specifically punishable under that Act.* Sanction to enforce the provisions of the act is to be found within the act itself.

Section 614 of The Vehicle Code (75 PS §191) specifies in what instances a license will be revoked and section 615 of the same code (75 PS §192) specifies in what instances a license may be suspended.

Therefore, when section 620 (d) of The Vehicle Code speaks of a license being "suspended, cancelled or revoked as provided in this Act," does it refer only to a suspension or revocation under sections 614 and 615 of The Vehicle Code, or does it embrace a suspension, cancellation or revocation under the Motor Vehicle Safety Responsibility Act?

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558, provides, inter alia, as follows:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: (1) Penal provisions. . . ."

The provisions of section 620 (d) of The Vehicle Code being penal in nature, must be strictly construed: Commonwealth ex rel. Varronne v. Cunningham, 365 Pa. 68, 71 (1950) ; Commonwealth v. Yaste, 166 Pa. Superior Ct. 275, 278 (1950) ; In re Wigton, 151 Pa.

---

* It is interesting to note that the penalty prescribed under section 32 of the Motor Vehicle Safety Responsibility Act is more severe than the penalty prescribed under section 620 of The Vehicle Code; i.e., a fine of $100 as contrasted with a fine of $50 and imprisonment for 30 days as contrasted with imprisonment of not more than 10 days.

Superior Ct. 337, 343 (1943). However, the language in this section must be construed with common sense: Commonwealth ex rel. Dugan v. Ashe, 342 Pa. 77, 80 (1941).

Defendant is charged with a specific offense, the elements of which are: (1) A suspension of his operator's license under the provisions of The Vehicle Code; (2) a demand for the surrender of the operator's license; (3) a failure or refusal to surrender such license to the Department of Revenue. Defendant admits a demand and a refusal to surrender his operator's license to the department, thus elements (2) and (3) of the offense are admitted. The proof, however, as to element (1) is not only entirely lacking but it has been stipulated that the suspension of defendant's license was not under The Vehicle Code but rather under the Motor Vehicle Safety Responsibility Act, an entirely different statute.

In People v. Vanderpool, 20 Cal. 2d 746, 128 P. 2d 513, 514, the Supreme Court of California was called upon to construe a penal paragraph of the conspiracy section of The Penal Code. This section provided that a conspiracy to commit any felony or any act injurious to public health or morals was punishable to the same extent as in the code provided for the punishment of the said felony or act. The court interpreted the phrase "in this code" as referable only to conspiracies to commit felonies and acts, punishment for the commission of which was prescribed by some provision of The Penal Code.

In Commonwealth v. Frazier, 24 D. & C. 362 (1935), it was argued that the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553 (predecessor to the Motor Vehicle Safety Responsibility Act) was an amendment to The Vehicle Code. The court held that the Uniform Automobile Liability Security Act was not an amending act or it would have been so indicated

and that act was construed without reference to The Vehicle Code.

The Motor Vehicle Safety Responsibility Act is not an amendment to The Vehicle Code, nor is there any indication either in its title or in its context that the legislature intended that act to be an amendment of or to be construed in connection with The Vehicle Code.

As indicative of the legislative intent it is significant to note that section 620 contains 10 subsections each of which sets forth a specific unlawful offense under The Vehicle Code. Four of these offenses as described by the legislature refer to suspensions, revocations or cancellations of the privilege of operating a motor vehicle as an element of each offense, but only under section 620 (d) does the legislature describe the suspension, cancellation or revocation of the operating privilege as a suspension, revocation or cancellation "as provided in this Act." Subsection (a) makes unlawful the display or possession of operator's license if the person so displaying or in possession knows the same "to have been cancelled, suspended or altered"; subsection (h) makes unlawful the operation of motor vehicles or tractors on the highway "if the operating privilege is suspended or revoked" and before reinstatement of the operating privilege; subsection (i) makes unlawful the operation of a motor vehicle or tractor on the highway "if its registration has been suspended by the secretary." The comparison of these subsections with subsection (d) indicates clearly that the legislative intent in subsection (d) contemplated a suspension, cancellation or revocation as provided in The Vehicle Code rather than in any other statute or statute.

The Commonwealth has failed to prove an essential element of the offense whereof defendant stands charged. It being admitted that the suspension of defendant's privilege of operating a motor vehicle took

place under the Motor Vehicle Safety Responsibility Act rather than The Vehicle Code, defendant's appeal must be sustained and defendant found not guilty of the offense whereof he stands charged.

The appeal of William L. Lance is hereby sustained and defendant, William L. Lance, is found not guilty of the offense whereof he stands charged. The county is directed to pay the costs of prosecution.