[Civ. No. 18128. Fourth Dist., Div. One. Mar. 21, 1978.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY,
Respondent;
CHARLES COLBERT, Real Party in Interest.

1024

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and George J. DuBorg, Deputy District Attorneys, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Harley D. Mayfield, Deputy Attorneys General, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Alex Landon and Dennis Sanders for Real Party in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—On December 12, 1977, real party in interest, Charles Colbert, was arraigned on an information charging murder (count 1), forcible rape (counts 2, 4, 7 and 10), forcible sodomy (counts 3 and 5), forcible oral copulation (counts 6, 8, and 11), and assault by means of force likely to produce great bodily injury (count 9).

On December 30, 1977, Colbert was arraigned on an amended information which alleged a special circumstance relating to the charge of murder. The allegation added by amendment states: "And, it is further alleged that CHARLES COLBERT was personally present during the commission of the acts causing death, and with intent to cause death physically committed such acts causing death that the murder was willful, deliberated and premeditated and was committed during the commission of rape by force or violence in violation of subdivision (2) of section 261 and by threat of great and immediate bodily harm in violation of subdivision (3) of section 261, in violation of Penal Code 190.2(3) (iii)."

Demurring to the special circumstance allegation, Colbert argued (1) article I, section 27, of the California Constitution is invalid because it effects a revision of the Constitution and the procedures for constitutional revision were not followed in its adoption; (2) in the absence of article I, section 27, the death penalty is cruel and unusual within the meaning of article I, section 17, of the California Constitution (*People* v. *Anderson*, 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880]); and (3) the special circumstance allegation should therefore be stricken.

On March 13, 1978, the superior court, upon its perception article I, section 27, interferes with inherent judicial power to interpret the language of the Constitution, concluded the section was a constitutional revision and was not, therefore, properly adopted.[1] The court sustained the demurrer and ordered the special circumstance allegation stricken.

On March 14, 1978, the People, through the district attorney, filed this petition seeking a writ of mandate directing the superior court to set aside its order and further seeking a stay of Colbert's trial, which was set to begin the next day.[2] We granted the stay. The Attorney General has filed an amicus curiae brief in support of the People, and Colbert has filed points and authorities in opposition to the petition. On March 21, 1978, the parties and amicus curiae appeared and orally argued their respective positions.

■ Guided by principles of judicial self-restraint, we have concluded that the relief granted by the superior court, sustaining the demurrer and striking the special circumstance allegation, was excessive, even assuming the invalidity of article I, section 27. Since our decision rests solely upon this narrow, nonconstitutional ground, it would be inappropriate to express our opinion on constitutional issues which need not be confronted at this time. Accordingly, we do not decide whether article I, section 27, of the California Constitution was lawfully proposed and adopted.

■ Preliminarily we note that where the trial court has stricken a special circumstance allegation before jeopardy has attached, on grounds unrelated to any opinion as to guilt or innocence, review by extraordinary writ is available (*People* v. *Superior Court (Brodie)*, 48 Cal.App.3d 195, 198-201 [121 Cal.Rptr. 732]). Here, as in *Brodie* the trial court has exceeded its jurisdiction in striking out a special circumstance allegation solely because of a misinterpretation of statutes (*id.* at pp. 200-201). We see no material distinction based upon the fact that in *Brodie* the expungement was accomplished by motion to strike, while here it was achieved upon the sustaining of a demurrer.

---

[1] To become law, a constitutional revision must be adopted by either a constitutional convention, or by a two-thirds vote of the membership of each house of the Legislature, and be approved by a majority vote of the electors (Cal. Const., art. XVIII, § 1, § 2 and § 4).

[2] The trial date of March 15, 1978, though more than 60 days after filing of the information, was set with defendant's consent. He has not consented to any further extension of the date for trial (see Pen. Code, § 1382, subd. (2)).

 Emergency legislation enacting the Penal Code sections involved in this prosecution became effective on August 11, 1977. Penal Code section 190 provides: "Every person guilty of murder in the first degree shall suffer death, confinement in . . . prison for life without possibility of parole, or confinement in . . . prison for life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5. Every person guilty of murder in the second degree is punishable by imprisonment in the . . . prison for five, six, or seven years." Thus, there are three penalties for first degree murder. Presumably the People may seek whichever punishment is in the interest of justice.

Penal Code section 190.1 provides in part:

"A case in which the death penalty may be imposed pursuant to this chapter shall be tried in separate phases as follows:

"(a) The defendant's guilt shall first be determined. If the trier of fact finds the defendant guilty of first degree murder, it shall at the same time determine the truth of all special circumstances charged as enumerated in Section 190.2, . . . ."

Penal Code section 190.2 sets forth certain special circumstances which, if charged and found to be true, require the penalty for a defendant found guilty of first degree murder to be either death or confinement in prison for life without possibility of parole. That section provides in pertinent part:

"The penalty for a defendant found guilty of murder in the first degree shall be death or confinement in the . . . prison for life without possibility of parole in any case in which one or more of the following special circumstances has been charged and specially found, in a proceeding under Section 190.4, to be true:

" . . . . . . . . . . . . . . . . . .

"(c) The defendant was personally present during the commission of the act or acts causing death, and with intent to cause death physically aided or committed such act or acts causing death and any of the following additional circumstances exists:

"...

"(3) The murder was willful, deliberate, and premeditated and was committed during the commission or attempted commission of any of the following crimes:

"...

"(iii) Rape by force or violence in violation of subdivision (2) of Section 261; or by threat of great and immediate bodily harm in violation of subdivision (3) of Section 261;

"..."

The amended information before us includes a special circumstance allegation under these subdivisions. The People have not alleged that death is the appropriate penalty, nor would a true finding on the allegation lead inexorably to the imposition of capital punishment.

Rather, it appears necessary for the People to charge a special circumstance if they seek either of the two harsher penalties for first degree murder. ■ By implication from Penal Code section 190.2, if special circumstances are not charged or not found to be true, only confinement in prison for life (presumably with possibility of parole) may be imposed. This implication is reinforced by language in Penal Code section 190.4; if, after a guilty verdict by jury of first degree murder, neither the jury nor a specially impaneled "new jury" is able to reach a unanimous verdict that one or more of the special circumstances charged are true, "the court shall dismiss the jury and impose a punishment of confinement in . . . prison for life."

■ Since confinement in prison for life without possibility of parole may not be imposed unless a special circumstance is charged and found to be true, the trial court exceeded its jurisdiction in sustaining the demurrer and striking the allegation. This is so because the invalidity of article I, section 27, and concomitant unconstitutionality of capital punishment under *Anderson,* would provide no legal basis for precluding the imposition of a life sentence without possibility of parole.[3]

---

[3] The legislation enacting these Penal Code provisions expressly provides for severability in the event of partial invalidity (Stats. 1977, ch. 316, §§ 23, 24).

Let a writ of mandate issue directing the superior court to set aside its order of March 13, 1978, insofar as it sustains the demurrer and strikes the special circumstance allegation from the amended information.

Cologne, J., and Staniforth, J., concurred.