Opinion
SAETA, J.
Defendant was charged in a complaint with violating Penal Code section 647, subdivision (a) in the following language: “[he] did willfully and unlawfully engage in lewd and dissolute conduct in a public place and in a place open to the public and exposed to public view.”[1] He demurred to the complaint on the grounds that the com *Supp. 12 plaint alleged no facts to constitute a public offense and that insufficient facts were alleged to give him notice of the offense charged. His demurrer was sustained with leave to amend. The People did not amend and the complaint was dismissed. The People appeal. (Pen. Code, § 1466, subd. (l)(b).)
Defendant’s attack on the complaint was founded on the redefinition of lewd conduct in Pryor v. Municipal Court (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636]. Procedurally, the Pryor opinion established that a writ of prohibition would not issue to prevent a retrial of a lewd conduct charge. The question of a proper pleading of lewd conduct was not before the Supreme Court in Pryor.
The complaint in this case essentially pleads the offense in the words of the statute. This is a permissible form of pleading. (Pen. Code, § 952; People v. Yoshimura (1976) 62 Cal.App.3d 410, 416 [133 Cal.Rptr. 228]; Cohen v. Municipal Court (1967) 250 Cal.App.2d 861, 867-868 [58 Cal.Rptr. 846].) The Pryor case’s definition of lewd and dissolute conduct is incorporated into the words of the complaint. (Pen. Code, § 957.)[2]
The judgment (order of dismissal) is reversed with directions to the trial court to overrule the demurrer to the complaint and for further proceedings in accordance with the law.
Ibáñez, P. J., concurred.

The original of the complaint has stamped on it the legend “This verified complaint incorporates by reference the police reports in file LASO file 479-22843-1309-133 (2 *Supp. 12 pages).” That report gives salient facts of the alleged offense. The defendant claims his copy of the complaint, obtained from the prosecutor, does not contain this legend or the report. We assume, for the purposes of this opinion, that the legend and report are not alleged. Despite this assumption, we hold that the complaint was properly pleaded.

The cases cited in the dissent deal with complicated factual situations not present in our case. In Owen v. Superior Court (1979) 88 Cal.App.3d 757 [152 Cal.Rptr. 88], the vice of the pleading was that the indictment did not use the statutory words of Penal Code section 190.2, subds. (c)(1) and (b). The People could not plead in the words of the statute as no death had occurred and the statutes involved required a death. Sallas v. Municipal Court (1978) 86 Cal.App.3d 737 [150 Cal.Rptr. 543] held it was unfair to use the statutory language when the use of over 160 drugs might be involved. Ross v. Municipal Court (1975) 49 Cal.App.3d 575 [122 Cal.Rptr. 807] is contra to Sallas. People v. Jordan (1971) 19 Cal.App.3d 362 [97 Cal.Rptr. 520] involved multiple charges arising out of an extended course of activity, the court feeling it unfair to not specify the victims of defendants’ activities or the location of the assaults. In our case, no such complicating factors appear and thus we see no reason to depart from the plain language of Penal Code section 952.