[Crim. No. 5957.   Second Dist., Div. Two.   Aug. 23, 1957.]

In re VONCELE OLIVE HARRINGTON, on Habeas Corpus.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General. William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Robert Lederman, Deputy District Attorneys, for Appellant.

No appearance for Respondent.

ASHBURN, J.—Appeal by the People of the State of California from an order discharging upon writ of habeas corpus a defendant who had been convicted of a misdemeanor. The appeal is taken pursuant to section 1506, Penal Code.[1]

[1] § 1506, Pen. Code: "An appeal may be taken to the district court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant after his conviction in all criminal cases, excepting criminal cases where judgment of death has been rendered, and in such cases to the Supreme Court; . . . If the people appeal, . . . the defendant shall not, in any case in which the judgment of conviction has become final, be discharged from custody pending final decision upon the appeal . . . and he must, in such cases, be retaken into custody if he has been discharged; provided, however, that in bailable cases the defendant may be admitted to bail, in the discretion of the judge, pending decision of the appeal or petition for hearing."

On November 9, 1956, the defendant-petitioner Voncele Olive Harrington was sentenced to a term of one year in the county jail for violation of section 502, Vehicle Code, a misdemeanor,—driving an automobile while under the influence of intoxicating liquor. This being a first offense so far as officially appears, it is conceded by appellant that the sentence was effective for a term of six months only. Having been delivered into the custody of the sheriff on the day of sentence, November 9, 1956, the term would have expired on May 8, 1957, except as affected by credits for "good time" and "work time."

On March 19, 1957, defendant presented to the appellate department of the Los Angeles superior court a petition for habeas corpus, alleging: "That during the term of your petitioner's said confinement, and in accordance with the laws, rules and regulations applicable thereto, your petitioner has earned thirty days good time and 21 days work time, all of which would entitle petitioner to her release as of 9:00 A. M., on the 19th day of March, 1957." Upon the return day, it having been stipulated that the petition should stand as a traverse to the return, there was presented on behalf of petitioner and received in evidence by consent of the People, a certificate of the county Sheriff, saying: "We further certify that said Voncele O. Harrington has earned 30 days of good time and 21 days of work time based upon the maximum sentence of six months and if that sentence were for a period of six months would be eligible for release March 19, 1957 at 9:00 A. M." This certificate was also signed by the three members of the board of parole commissioners. It was further stipulated that if the people whose names appear on that certificate were called as witnesses "they would so testify." Also, "that the conduct of the prisoner has been such that she has earned all the good time she could earn up to the present time, and all the work time she could earn up to the present time." The court upheld petitioner's contention that she was entitled to release on March 19, 1957, "on account of good time and work time credits which she has earned." Her release was actually effected on March 25th.

Appellant contends that the credits thus approved by the lower court were in excess of the total allowed by law and that the order releasing the petitioner was therefore erroneous. Respondent has filed no brief and made no other appearance in this court. The gist of appellant's main argument is that 40 days was the maximum aggregate of credits authorized by

law, and that the release of petitioner was premature. The pertinent portions of the applicable Penal Code sections are set forth in the margin.[2]

█ Section 4018 authorizes credits for good behavior at the rate of five days per month of time served when authorized by the board of supervisors. Section 4019 provides for like credits for good behavior with the consent of the county board of parole commissioners. Section 4019.2 prescribes credits of five days per month for satisfactory performance of assigned work and commands that the work credit be granted regardless of whether any deduction of time is made pursuant to "Sections 4018 or 4019," then adds the proviso "but no prisoner shall be granted a total deduction under these sections in excess of 10 days for any single month." It is thus possible for a prisoner to obtain 10 days credit for each month served and no more. This is true whether the action be that of the supervisors or the parole commissioners, or both boards.

The total of credits for good time and work time is limited to 10 days per month of the period of confinement. █ The hearing upon this writ was on March 21, 1957, and the imprisonment had begun on November 9, 1956, less than four and one-half months previous to that hearing. Such credits are to be awarded on a monthly basis. Five months had not elapsed and so 50 days of credits could not have accumulated.

---

[2]Pen. Code, § 4018: ". . . For each month in which the prisoner appears, by the record, to have given a cheerful and willing obedience to the rules and regulations, and that his conduct is reported by the officer in charge of the jail, industrial farm or road camp to be positively good, five days shall, with the consent of the board of supervisors, be deducted from his period of confinement."

Pen. Code, § 4019: "For each month in which a prisoner confined in a county jail, . . . under a judgment of imprisonment, . . . appears, by the record, to have given a cheerful and willing obedience to the reasonable rules and regulations established by the county board of parole commissioners for the conduct of such prisoners, and that his conduct is reported by the officer in charge of the jail, industrial farm or road camp to be positively good, five days shall, with the consent of the county board of parole commissioners, be deducted from his period of confinement."

Pen. Code, § 4019.2: "For each month in which a prisoner confined in or committed to a county jail, industrial farm or road camp has satisfactorily performed his assigned work, as reported and recorded by the officer in charge, five days shall, with the consent of the board of supervisors or the county board of parole commissioners, be deducted from his period of confinement. The deduction allowed pursuant to this section shall be granted regardless of whether or not a deduction is made pursuant to Sections 4018 or 4019, but no prisoner shall be granted a total deduction under these sections in excess of 10 days for any single month."

The 51 days certified by the sheriff were in excess of the permissible legal total. The court erred in discharging the petitioner on March 27, which is the date of its ruling. (So far as it goes, *In re Eyre*, 1 Cal.App.2d 451 [36 P.2d 842], supports our ruling.) Petitioner was physically released on March 25, which was likewise before she was entitled thereto. Had she served until the end of March she could have earned a maximum credit of less than 50 days.

Appellant's brief says: ''It is the People's contention that a prisoner serving a six-months sentence in the County Jail for a misdemeanor is entitled to earn good time deductions of only five days for each month actually served, and is not entitled to earn good time deductions of five days for the total number of months included in the initial term of the sentence.'' This argument invites a review of the matter from the standpoint of good time credits allowed by the board of parole commissioners alone, which seems to be the basis of the sheriff's certificate. To an extent we agree with this argument.

The maximum credit is five days for each month of confinement. Four and a half months could not yield as much as 25 days credit. But five months, which would end on April 8, would give that result. The 30 days credit given in the sheriff's certificate is the maximum which could be earned by six months of imprisonment. It would be absurd to say that the prisoner must serve her full six months term before earning enough credits to effect her release. When she has finished five months of confinement with good conduct she has earned 25 days and must serve only five days of the sixth month to be entitled to her discharge, for the 25 days credit is a substitute for confinement during the balance of the sixth month of the term.

Thus viewed, the prisoner had not earned the right to release because she had served only four and one-half months of her sentence and therefore had not acquired the right to the 25-day credit applicable to the sixth month of the term.

The order is reversed, the writ discharged and petitioner remanded to the custody of the sheriff of Los Angeles County.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.